GEORGE A. HILL ET AL. v. JENNIE HALLIBURTON ET AL.

Decided March 27, 1903.

**Appeal Bond—Approval by Judge—Injunction.**

Upon an appeal from an order of the district court appointing a receiver the judge may fix the amount of the bond, but its approval must be by the clerk; the judge has no power to approve the bond or to entertain a motion to expunge the clerk's approval therefrom, and an injunction from the Court of Civil Appeals will lie to restrain such action.

Original application for injunction.

*O'Brien, John & O'Brien,* for applicants.

*E. C. McLean,* for respondents.

GARRETT, CHIEF JUSTICE.—George A. Hill and others have filed in this court an application for an injunction against the Hon. W. H. Pope, judge of the Fifty-eighth Judicial District, B. Boykin, the clerk of said district court, and J. A. Paulhamus, who had been appointed by said judge as receiver of certain property involved in a suit in said court by an interlocutory order entered therein to restrain them from disregarding the appeal of the applicants from said order and interfering with said property. Applicants averred that they had excepted to the order appointing the receiver, and had perfected an appeal therefrom, and superseded the same by filing a bond in an amount fixed by the judge, and that upon a motion filed by the plaintiff in the court below the judge was about to order the approval of the district clerk erased from said bond and to declare the same annulled and of no effect. A preliminary writ was granted, and the respondents were cited to show cause why it should not made final.

The application for the restraining order of this court and the answers of the respondents, so far as need be stated for the purpose of disposing of the matter before the court, show that the respondents brought suit in said district court against the applicants for the conversion of certain petroleum oil described in the petition, and for an injunction restraining them from disposing of the same, and for the appointment of a receiver; that on January 12, 1903, the district judge granted a preliminary injunction as prayed for, and notice was ordered to the defendand to appear before the judge in chambers at a time fixed and show cause why the injunction should not be made permanent and a receiver appointed as prayed for in the petition. Upon the hearing in accordance with said notice the judge finally entered an order appointing the respondent, J. A. Paulhamus, as receiver of said property, and said Paulhamus at once qualified by executing a bond in the amount fixed by the court and taking the oath prescribed by law. Possession of the property was at once surrendered to him by the defendants. The defendants excepted to said order of the court appointing a receiver, and gave no-

tice of appeal therefrom. The judge fixed the amount of a supersedeas bond at the sum of $100,000. The defendants presented a bond to the clerk which was accepted and approved and filed by him.

It is shown by the answer of the Hon. W. H. Pope that the amount of the supersedeas bond was fixed by the court on hearing of a motion filed by the defendants to have the same fixed; and that when the same was granted and the amount fixed, it was further ordered that the bond should be presented to the court for its approval; and that the receiver should have five days or other reasonable time to be thereafter fixed by the court in which to make an accurate measurement and inventory of the petroleum oil in his possession. The original order made by the court does not contain the direction that the bond should be presented to the judge for approval, or that the receiver should be allowed time to measure the oil. It appears that the original order was drawn with blanks left for the name of the receiver and the amount of his bond and for the amount of the supersedeas bond, and these were filled in when afterwards the judge settled these points. The announcement was made orally, and the blanks were filled and the defendants executed two bonds for supersedeas, one a general supersedeas bond and the other as for the possession of property, and presented the same to the clerk, who accepted and approved them and issued the writ of supersedeas. The judge in his answer states that he announced orally that the bond should be presented to him for approval, and that he would not approve it until a measurement of the oil could be made. After the bonds had been approved and filed an order of the court was entered on the minutes containing these provisions. A motion was thereupon made by the plaintiffs requesting the court to direct the clerk to expunge his approval of the appeal bond and to annul the writ of supersedeas that had been issued by him, and to direct the receiver to retain possession of said property until he had completed an inventory according to the order of the court, and until he should be lawfully directed to relinquish such possession after the approval by the judge of a supersedeas bond. It was to prevent action on this motion that this court was applied to for its writ.

The appeal by the applicants from the order of the court appointing the receiver suspended operation thereof. Rev. Stats., art. 1383; Carter v. Carter, 40 S. W. Rep., 1030; Peoples Cemetery Association v. Oakhurst Cemetery Company, 24 Texas Civ. App., 68, 60 S. W. Rep., 679. It was proper and necessary for the court to fix the amount of the bond in the case, as there is no way by which the clerk could fix it; but in all cases where an appeal bond is necessary, it must be presented to the clerk of the court for his approval, and this is the uniform practice in the courts of record in this State. In no instance do the statutes provide for the approval of an appeal bond by the judge. The bond for certiorari must be fixed by the judge and approved by the clerk. Rev. Stats., art. 347. Bonds for the issuance of writs ordered by the judge

are subject to the approval of the clerk of the court though issued in vacation, as the bond for an injunction. Rev. Stats., art. 2927. It was not within the power of the judge to suspend the appeal by an order directing the bond to be presented to him for approval, or that it should be held up until the receiver could make an inventory of the property, for when the steps to perfect the appeal were complied with, the jurisdiction of the district court ceased and that of this court attached; and when the order was made it was the right of the defendants to perfect the appeal at once. The district court has no power to inquire into the sufficiency of the appeal bond, or to entertain a motion to expunge the approval of the district clerk. Power to inquire into matters of fact affecting their jurisdiction belongs to the Courts of Civil Appeals. Rev. Stats., art 998; Cruger v. McCracken, 87 Texas, 584. The order heretofore granted on this application is made final.

*Injunction granted.*