## Searcy v. Fayette Home Telephone.

(Decided May 24, 1911.)

### Appeal from Fayette Circuit Court.

1. Appeal—Moot Question—Where an action was brought to enjoin a municipality from enforcing a contract for telephone service, and the term of the contract had expired before the action was dismissed by the circuit court, the appeal presents only a moot question and will be dismissed.

2. Same—An appeal, like an ordinary action, can appropriate the time of the courts of the State only when there is some property right involved; when there is something to be gained by the plaintiff if his prayer, as laid, should be granted.

J. A. EDGE for appellant.

ALLEN & DUNCAN, SHELBY and CHARLES A. KERR for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Dismissing appeal.

By ordinance approved February 12, 1906, the city of Lexington accepted the proposition of appellee to install a private switchboard and equip thirty complete stations at the Police Station of Lexington for a period of four years at $1,000 per year   By this suit filed August 29, 1908, on behalf of himself and the other taxpayers of Lexington, appellant sought to have said ordinance declared void, and the city prohibited from enforcing it and from paying out any money thereunder, upon the ground that the proposition of the Telephone Company had not been published in the official newspaper along with the ordinance.   The statute requires all ordinances to be published before they can become effective.   The circuit judge first sustained a demurrer to the petition, and then dismissed it, and from that judgment the plaintiff prosecutes this appeal.   Appellee has moved this court to dismiss the appeal upon the ground that it presents a moot question only.

The contract expired by its terms in February, 1910, and the judgment dismissing the petition was subsequently entered March 7th, 1910, after the contract had expired.

Assuming for the present that section 3063 of the Kentucky Statutes provides that the validity of city ordi-

nances may be tried in the manner here presented, it must nevertheless follow that the appeal must be dismissed for the want of a subject-matter of litigation.

An appeal, like an action, can appropriate the time of the courts of the State only when there is some property right involved; where there is something to be gained if the plaintiff's prayer, as laid, should be granted. Otherwise, we have a mere academic discussion—a moot question. Where neither party is to gain or lose by the result, the litigation is not only useless, but it is an imposition upon the State. It was never contemplated that either the opposing party or the State should unwillingly be burdened with the expense of trying such unsubstantial controversies. Courts are created for the purpose of trying cases rather than questions. Waller v. Henderson Telephone & Telegraph Co., 31 Ky. Law Rep., 39.

Appeal dismissed.