LANGHAM et al. v. CITY OF BEAUMONT et al.

(Court of Civil Appeals of Texas. Galveston. Dec. 19, 1912.)

APPEAL AND ERROR (§ 781*)—DISMISSAL— WANT OF CONTROVERSY.

In a taxpayers' action to enjoin the mayor and city council and a company which had contracted with them to install a so-called system of taxation from performing the contract and to enjoin payment or collection of sums due thereunder, a temporary injunction was denied and an appeal taken. On a motion to dismiss the appeal on the ground that the subject-matter of the suit had ceased to exist, it was shown by affidavit that the contract had been fully performed and payment thereunder made in full. *Held,* that the appeal would be dismissed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3122; Dec. Dig. § 781.*]

Appeal from District Court, Jefferson County; W. H. Pope, Judge.

Action by Thomas H. Langham and others against the City of Beaumont and others. From an order denying a temporary injunction, plaintiffs appeal. On motion to dismiss appeal. Appeal dismissed.

F. J. & C. T. Duff and Herbert W. Reed, all of Beaumont, for appellants. A. L. Calhoun, City Atty., and Blain & Howth, all of Beaumont, for appellees.

PLEASANTS, C. J. This appeal is from an order of the judge of the district court of Jefferson county refusing an application for temporary injunction. The suit was brought by Thomas H. Langham and other citizens and taxpayers against the city of Beaumont, its mayor and board of aldermen, and against the Manufacturers' Appraisal Company of Cleveland, Ohio, and its agent, William H. Young. The petition alleges in substance: "That the city council, the names of its component members being hereinbefore set out, on the 4th day of June, 1912, entered into a contract with the Manufacturers' Appraisal Company of Cleveland, Ohio, acting through its agent, William H. Young, where, in consideration of the installation of the so-called Somer's System of Taxation, they agreed on behalf of the city to pay to the said Manufacturers' Appraisal Company of Cleveland, Ohio, the sum of $750 a month for the services of a land valuation man, and a like sum per month for the services of a building pricer, said company approximating that it would take about $5,000 to install said system. That the installation of said system, as contracted for by said city council with said company, would be the incurring of a debt without making provision for its payment within the meaning of article 11, § 5, of the state Constitution; that the placing of said land valuation man, the building pricer, and others upon the pay roll of the city was an attempt to evade such law by making them officers of the city, whose salaries would be paid out of the current funds of the city. The contract in truth and in fact was with the Manufacturers' Appraisal Company of Cleveland, Ohio, to whom the money for the installation of said system was due. That at that time, to wit, the 4th day of June, 1912, said contract was entered into, the city had no available funds for paying the $5,000 that would become due for the installation of such system, but that they were in debt, and behind; that the current revenue belonging to said city during the year had been pledged and obligated, and would be more than consumed by the ordinary running expenses of the city; and that there was no reasonable expectation that the incoming revenues would be sufficient to meet the debts already incurred and outstanding

against the general fund. That the said William Young and others, who were in truth and in fact acting as the agents of the Manufacturers' Appraisal Company of Cleveland, Ohio, were paid by the issuance of notes with city warrants attached thereto as collateral, which notes would, by agreement with the bank where negotiated, mature or become due at such time as to be a charge upon the revenue of the city in future years. That the making of said contract and its enforcement was ultra vires and void, because annulling and canceling so much of the city charter of Beaumont as requires the appointment of a board of equalization; that said board as created by the charter was acting and ready to perform their duty, and that the Manufacturers' Appraisal Company of ·Cleveland, Ohio, acting through its agent, William Young, and others, were usurping the functions of said body, exercising its powers and duties in violation of the city charter, by virtue of said contract and resolution; that the result of such contract is to employ a foreign corporation, with no permit to do business in Texas, to perform the functions of a city officer."

The prayer of the petition is as follows: "The premises considered, these plaintiffs pray that your honor will issue a temporary restraining order, restraining the said Emmett A. Fletcher, as mayor of Beaumont, and J. T. Booth, S. G. Burnett, H. G. Brown, E. J. Diffenbacher, Tom J. Lamb, and C. C. Roberts, from permitting the said Manufacturers' Appraisal Company of Cleveland, Ohio, or William Young, or any of the servants or employés of the said Manufacturers' Appraisal Company of ·Cleveland, Ohio, from exercising any of the duties or functions of the board of equalization of said city of Beaumont; and that you will restrain said mayor and each of said aldermen from paying, or causing to be paid, to the said Manufacturers' Appraisal Company of Cleveland, Ohio, or William Young, or any other servant or employé or representative of the said Manufacturers' Appraisal Company of Cleveland, Ohio, any sum of money, or voucher, or warrant representing money, under and by virtue of said pretended contract, or for the pretended services of said Manufacturers' Appraisal Company of Cleveland, Ohio, or any of its servants or employés, under and by virtue of said pretended contract hereinbefore fully set up made by said city council with said Manufacturers' Appraisal Company of Cleveland, Ohio, and that the said Manufacturers' Appraisal Company of Cleveland, Ohio, and its agent, William Young, and all other agents or servants and employés of said company, be restrained and enjoined from performing or attempting to perform any of the duties of the board of equalization as defined by the charter of Beaumont, and that they and each of them

be restrained and enjoined from collecting or attempting to collect any money or moneys, or representative of money from the city of Beaumont under and by virtue of the pretended contract herein set up; and that, upon a hearing thereof, said pretended contract or agreement between the city of Beaumont and the said Manufacturers' Appraisal Company of Cleveland, Ohio, be annulled, canceled and held for naught, and that the restraining order be made permanent and perpetual, and for costs and general equitable relief in the premises."

Defendant's answer, filed the 18th day of July, 1912, contained a general demurrer with several special exceptions. Neither the demurrer nor special exceptions were ruled on by the court. The answer set up that the debt so incurred was for current expenses; that the revenue derived and to be derived within the year would pay for same; and that the said Manufacturers' Appraisal Company of Cleveland, Ohio, acting through its agent, William Young, and others, were in no way interfering with the said board of equalization, but were merely giving it aid and scientific information upon which to base its judgment in arriving at values and in performing its other duties. This appeal is from an order of the district judge refusing to grant a temporary injunction.

Appellees have filed a motion to dismiss this appeal on the ground that the subject-matter of the suit has ceased to exist, and which contains the following allegations: "Appellees would further show the court, as reasons why this appeal should be dismissed, that the subject-matter of this litigation has ceased to exist, and that the controversy herein is at end, for the reason that the said Manufacturers' Appraisal Company, and the said William Young, and all other servants, agents, and employés of the said Manufacturers' Appraisal Company, have long since completed the contract referred to and set out in plaintiffs' petition, and have completed the installation of the said Somer's System of Taxation for the said city of Beaumont; that the board of equalization for said city has long since completed its labors for the year 1912, and adjourned, and that the tax rolls of said city for said year have been completed and turned over by the said board of equalization to the collector of taxes for the collection of taxes thereon, and that the said collector is proceeding to collect the taxes assessed thereon without let or hindrance. That the said board of equalization, without coercion on the part of said city council or the said Manufacturers' Appraisal Company, or any of its servants, agents, or employés, or on the part of the said William Young, used and referred to the said 'Somer's System of Taxation' and the reports and maps, and other data provided by it, in the equalization of taxes for the

year 1912; that the said city of Beaumont, acting by and through its proper officers, issued and caused to be issued to the said William Young and the other employés and agents of the said Manufacturers' Appraisal Company, and other persons engaged in the work and labor of installing the said Somer's System of Taxation, warrants in payment for their services, and that each and all of said warrants have been fully paid out of the general current funds of the said city, realized from the collection of the taxes due the said city, and that no sum of money or anything of value, voucher, or warrant representing money, remains to be paid, issued to, or due the said Manufacturers' Appraisal Company, or any of its servants, agents or employés, or to any person whomsoever, on account of the said contract entered into by and between the said city of Beaumont, and the said Manufacturers' Appraisal Company of Cleveland, Ohio, for the installation of the said Somer's System of Taxation."

In support of this motion, the following affidavit, which is not controverted, is presented: "J. G. Sutton, after being duly sworn, deposes and on his oath says that he is the city secretary of the city of Beaumont, Tex., one of the appellees in this cause; that as such city secretary he has charge of and keeps the books of accounts and finance ledger of the said city (except such books and accounts as are required by law to be kept by other officers); that he issues all vouchers in payments of money due by the said city to persons contracting with said city; and that he issued all warrants upon which the funds out of which the agents, servants, and employés of the Manufacturers' Appraisal Company, William Young, and all other persons performing any kind of service in connection with the installation of the Somer's System of Taxation were paid by, and by virtue of the contract entered into between the said Manufacturers' Appraisal Company of Cleveland, Ohio, and the city of Beaumont, as set out and referred to in appellants' petition in this cause; and that all of said warrants have been fully paid by the city treasurer of said city out of the current funds belonging to the general revenue of said city, and that no sum whatsoever remains due to any person under and by virtue of said contract. That he has read the statements contained in the foregoing motion, and that the same are true. [Signed] J. G. Sutton.

"Sworn to and subscribed before me, by J. G. Sutton, on this the 30th day of November, 1912. W. R. Blain, Notary Public, Jefferson County, Texas."

We think the motion to dismiss should be sustained, and it has been so ordered. Old River Rice Irr. Co. v. Stubbs, 133 S. W. 494; Searcy v. Fayette Home Telephone Co., 143 Ky. 811, 137 S. W. 777.