## ÆTNA CLUB v. JACKSON. (No. 645.)

(Court of Civil Appeals of Texas. El Paso. June 29, 1916.)

1. MANDAMUS ⬠1—PURPOSE.

The purpose of mandamus is to require some inferior court or officer, etc., to do some particular thing specified in the writ which appertains to their office or duty, in aid of the jurisdiction of the court issuing the writ.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 1–3; Dec. Dig. ⬠1; Action, Cent. Dig. § 115.]

2. APPEAL AND ERROR ⬠458(3)—SUPERSEDEAS—INJUNCTION.

Under Rev. St. 1911, arts. 2078, 2084, 2097–2101, providing for appeal to the Court of Civil Appeals from every final judgment of the district court in civil cases, stating how appeal may be perfected, and providing for appeal bonds or affidavits and supersedeas bonds, a prohibitory injunction may be suspended during appeal by supersedeas bond.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2223; Dec. Dig. ⬠458(3); Injunction, Cent. Dig. § 413.]

3. MANDAMUS ⬠35 — JUDICIAL ACTS—FIXING SUPERSEDEAS BOND.

Under such statutes, it is the duty of the trial court to fix the amount of such supersedeas bond, and it may be enforced by mandamus.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. § 67; Dec. Dig. ⬠35.]

Original application for mandamus by the Ætna Club against Dan M. Jackson. Application granted.

Weeks & Owen, of El Paso, for relator. P. H. Marcum and C. W. Croom, both of El Paso, for respondent.

HARPER, C. J. This is an original application for writ of mandamus to require the trial judge to fix the amount of bond necessary to supersede the final judgment granting an injunction restraining appellant from operating its club under substantially the following allegations: Upon April 25, 1916, respondent, as judge of the Thirty-Fourth district, issued a temporary restraining order, enjoining defendant from dispensing liquor, and from keeping liquor upon its premises for sale, until May 1, 1916, at which time the court heard the cause upon its merits, and upon the verdict of a jury rendered judgment, perpetuating said temporary injunction, and made the same final. A motion for new trial was overruled, whereupon the Ætna Club filed motion, praying that the court enter an order fixing the amount of supersedeas bond necessary to suspend the execution of the said judgment, pending appeal; that the said Jackson, judge of the Thirty-Fourth district, in open court refused to fix any amount of bond, and refused to enter any order permitting defendant to supersede the said judgment and though the defendant offered to file any bond required. The respondent answered by exceptions to the sufficiency of the petition, and specially pleaded that relator was found guilty by a jury of selling liquor without license, that upon the verdict of the jury, the temporary order was perpetuated, and that in the exercise of his judicial discretion, he refused to fix bond prayed for.

[1, 2] The purpose of this writ is to require some inferior court or officer, etc., to do some particular thing therein specified, and which appertains to their office or duty, in aid of this court's jurisdiction. Article 2078, Revised Civil Statutes 1911, provides that:

"An appeal may be taken to the Court of Civil Appeals from every final judgment of the district court in civil cases."

Article 2084 provides how an appeal may be perfected. Article 2097, Revised Statutes, reads:

"The appellant or plaintiff in error, as the case may be, shall execute a bond, with two or more good and sufficient sureties, to be approved by the clerk, payable to the appellee or defendant in error, in a sum at least double the probable amount of the costs of the suit in the Court of Civil Appeals, Supreme Court and the court below, to be fixed by the clerk, conditioned that such appellant or plaintiff in error shall prosecute his appeal or writ of error with effect, and shall pay all costs which have accrued in the court below, and which may accrue in the Court of Civil Appeals and the Supreme Court."

Article 2098, Revised Statutes, reads:

"Where the appellant or plaintiff in error is unable to pay the costs of appeal, or give security therefor, he shall nevertheless be entitled to prosecute his appeal; but, in order to do so, he shall be required to make strict proof of his inability to pay the costs, or any part thereof. Such proof shall be made before the county judge of the county where such party resides, or before the court trying the case, and shall consist of the affidavit of said party, stating his inability to pay the costs; which affidavit may be contested by any officer of the court or party to the suit, whereupon it shall be the duty of the court trying the case, if in session, or the county judge of the county in which the suit is pending, to hear evidence and to determine the right of the party, under this article, to his appeal."

Article 2099, Revised Statutes, reads:

"When the bond, or affidavit in lieu thereof, provided for in the two preceding articles, has been filed and the previous requirements of this chapter have been complied with, the appeal or writ of error, as the case may be, shall be held to be perfected."

Article 2100, Revised Statutes, reads:

"The bond, or affidavit in lieu thereof, provided for in the three preceding articles, shall not have the effect to suspend the judgment, but execution shall issue thereon as if no such appeal or writ of error had been taken."

And article 2101, Revised Statutes, reads:

"Should the appellant or plaintiff in error, as the case may be, desire to suspend the execution of the judgment, he may do so by giving, instead of the bond or affidavit in lieu thereof mentioned in the four preceding articles, or in addition

---

to such bond, a bond with two or more good and sufficient sureties, to be approved by the clerk, payable to the appellee or defendant in error, in a sum at least double the amount of the judgment, interest and costs, conditioned that such appellant or plaintiff in error shall prosecute his appeal or writ of error with effect; and in case the judgment of the Supreme Court or the Court of Civil Appeals shall be against him, he shall perform its judgment, sentence or decree, and pay all such damages as said court may award against him."

Whilst the latter statute is denominated "supersedeas bond," it is in fact the kind of appeal bond to be executed when the appellant desires to suspend the enforcement of a judgment rendered against him. That it is simply an appeal bond is apparent from the first lines:

"Should the appellant or plaintiff in error, as the case may be, desire to suspend the execution of the judgment, he may do so by giving instead of the bond or affidavit mentioned in the four preceding articles, etc., * * * a bond," etc.

When given, it entitles appellant to his appeal or writ of error, and also suspends the enforcement of the judgment.

It will be noted that the first quoted statute provides for an appeal from all final judgments, and that the latter provides for suspending the enforcement of all final judgments. Respondent urges that the latter statute does not apply to prohibitory injunctions, and that it was a matter within the discretion of the trial court to allow or refuse to permit the suspension of the judgment pending appeal. Cases outside of Texas support this contention of the respondent, but we have found none in Texas which support it. But, on the other hand, the Legislature of this state has provided a way for an appeal "from all final judgments in civil cases," and when appellant or plaintiff in error complies with the statutes, the trial court has no say, discretionary or otherwise. The Supreme Court in Waters-Pierce Oil Co. v. State, 106 S. W. p. 330 (several cases cited therein), in passing upon the latter statute quoted above, said:

"This is plain language that cannot be construed, because its meaning is as definite as could be expressed, to the effect that, when the appellant or plaintiff in error complies with the law, the judgment cannot be enforced during the pendency of the appeal."

[3] The latter statute quoted provides for the amount of the bond in cases of moneyed judgment, and the next statute provides for the amount of bonds in cases of judgments for lands, but does not provide an amount in any other case, so we come now to the real question and object of the application, How is the amount of the bond to be determined? Unless it is the duty of the trial court to fix it, clearly, the writ prayed for will not issue. Where there is a right there must be a remedy. We having concluded that the statutes give the right to appeal from and the right to supersede all final judgments in civil cases by a compliance with the law, we must look for a way for appellants to comply with the law. The appellate courts of this state have declared in many cases that where the statute prescribes no bond, then it is proper and necessary for the court to fix the bond. Hill v. Halliburton, 32 Tex. Civ. App. 22, 73 S. W. 21. See note 22 L. R. A. (N. S.) 1909, p. 316. The principle of judicial discretion does not apply in this sort of case. It was therefore the duty of respondent to fix the amount of the bond to be given upon appeal, and it is the duty of the clerk to approve same as to the sufficiency of the sureties and then to file it, and the court has no authority to order or direct the clerk to do otherwise.

For the reason given, the application is granted, and the clerk of this court is directed to issue the writ of mandamus, requiring respondent, Dan M. Jackson, Judge of the Thirty-Fourth District Court of Texas, to fix the amount of the bond for appeal and stay of judgment as prayed for.

Justice Walthall is of the opinion that this court is without jurisdiction to hear and determine the matters presented in this application for mandamus, no character of appeal bond having been filed with the clerk of the district court or tendered for filing.

