ROGERS et al. v. IVY et al. (No. 176.)

(Court of Civil Appeals of Texas. Beaumont. Dec. 18, 1916.)

1. APPEAL AND ERROR ⊂══⊃488(1)—INJUNCTION —EFFECT OF APPEAL.

Where no order was entered below on dissolving a temporary restraining order suspending the judgment of the court during appeal, the injunction was not in force pending appeal, where a supersedeas bond in the ordinary form was filed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2277; Dec. Dig. ⊂══⊃488(1); Injunction, Cent. Dig. § 442.]

⊂══⊃For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

2. APPEAL AND ERROR ⬅781(4)—DISMISSAL—
EXTINGUISHMENT OF SUBJECT-MATTER.

On appeal from judgment dissolving a temporary restraining order and denying an injunction, where it appeared by appellees' motion to dismiss and the supporting affidavits that the subject-matter of the suit had ceased to exist, the appeal will be dismissed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3122; Dec. Dig. ⬅781(4).]

Appeal from District Court, Panola County; W. C. Buford, Judge.

Suit by Earl T. Rogers and others against H. B. Ivy and others. From judgment dissolving a temporary restraining order and denying injunction, plaintiffs appeal; defendants moving to dismiss. Motion to dismiss sustained. .

W. G. Banks, of Carthage, for appellants. J. G. Woolworth, H. N. Nelson, J. R. Duran, and R. W. Priest, all of Carthage, for appellees.

CONLEY, C. J. Appellants filed suit in the district court of Panola county, Tex., on August 19, 1916, asking that a writ of injunction issue against H. B. Ivy, R. W. Terry, B. T. Crawford, and J. H. Spradley, county commissioners, George Harkrider, county judge, T. P. Christian, county clerk, and W. D. Hall, county treasurer, of Panola county, and asking that they be restrained from contracting for the expenditure and issuance of warrants and paying out $144,000 of funds belonging to said county.

The petition alleged, in substance, that the commissioners' court of Panola county, Tex., had, on May 8, 1916, issued scrip against the permanent improvement fund, in the sum of $160,000, for the following purposes, to wit: $80,000 for courthouse purposes, $50,000 for jail repairs, and $30,000 for courthouse repairs; and further alleging that said warrants had been sold to one J. L. Arlitt for the sum of $144,000, and that said money had been paid into the county treasury of Panola county, Tex.; that said amount had been transferred to the road and bridge fund for the purpose of constructing roads and bridges; that said road and bridge fund was insolvent, and would be unable to repay said amount, and was already indebted in the sum of $175,000, which indebtedness was outstanding and bearing interest; that there was no special road tax in Panola county, and that taxable values of property within said county amounted only to $5,000,000, and that, consequently, said fund would never be able to repay the indebtedness of $160,000; that petitioners were taxpaying citizens of Panola county Tex. By supplemental petition they alleged that a tax of 25 cents had been levied for the purpose of repaying said $160,000, and that petitioners, as taxpayers, would be damaged through the unlawful expenditure of said money, and asked for a temporary restraining order in the following language:

"Wherefore, premises considered, petitioners pray that this honorable court issue a temporary writ of injunction restraining said commissioners from expending said sum of $144,000, or any part thereof, and from creating any liabilities or contracts for the expenditure of said money, and from paying any items of indebtedness out of said sum of $144,000, and that the said T. P. Christian be restrained from issuing any warrants for the payment of any indebtedness out of said $144,000 which is chargeable to the road and bridge fund, and that the said W. D. Hill be restrained from paying any warrants or vouchers out of said $144,000, and that, upon a hearing hereof, this injunction be made permanent, and petitioners be granted such other and further relief as in law and equity they may justly be entitled to."

A temporary restraining order was granted by the judge of the fourth judicial district, and the same was issued on August 18, 1916, and the application for injunction was set down for a hearing on August 25th. On that date the respondents appeared and filed an answer, pleading to the jurisdiction of the court, setting up various exceptions and demurrers, alleging mainly that the amount had already been transferred to the road and bridge fund, and that the court was without power to restrain its expenditure for road and bridge purposes, and further pleaded a right or authority to expend said money by reason of an agreed judgment, which had theretofore been entered in said cause. Upon hearing said matter, the temporary restraining order was dissolved, and injunction denied. Appellants filed a supersedeas bond in this cause, and appeal has been perfected to this court.

[1] The supersedeas bond is in the ordinary form, though no order was entered below, in the dissolving of the temporary restraining order, suspending the judgment of the court during the appeal; consequently the injunction was not in force pending such appeal. Driving Club v. Ft. Worth Fair Association, 56 Tex. Civ. App. 162, 121 S. W. 213. Appellees have filed a motion to dismiss this appeal, on the grounds, among others, that the subject-matter of the suit has ceased to exist, which motion contains the following allegations, so far as affects that particular feature:

"Now come the appellees, by their attorneys, and move this court to dismiss the appeal herein for the following good and sufficient reasons, to wit: Because this is a suit to enjoin the commissioners' court of Panola county from paying out and creating any debt payable out of the $144,000 which had theretofore been transferred to the second-class road and bridge fund, and that, before this suit had been filed, contracts had been made and bids advertised by said commissioners' court with parties to build, make, improve, and construct such roads and bridges in Panola county in an amount sufficient to exhaust said money, and because the work has been performed by the contractors in conformity with the orders of the court, and the money paid for said work as contracted, and the subject-matter of this suit has ceased to exist, and there is now no question for this court to pass upon."

In support of this motion, the following affidavits have been presented:

"On this the 4th day of December, A. D. 1916, personally appeared before me, the undersigned authority, H. B. Ivy and R. W. Terry, two of the defendants in the above cause, and who, being by me duly sworn, say on their oath, each for himself,

"(1) That they are now no longer commissioners for Panola county, Texas; that their term of office expired on the 4th day of December, 1916, and their successors were, on the 4th day of December, 1916, sworn in and duly qualified as commissioners in their place, and they now have no authority as commissioners for such county.

"(2) And affiants further say that the subject-matter of the litigation in this cause has ceased to exist; that all the acts sought to be enjoined in this cause have been performed; that the order of the district court in dissolving the temporary injunction in this case did not hold the temporary writ in force during the appeal in this case, and said temporary writ was not to be in force any longer than the hearing of said matter by the district court. * * *

"(4) Affiants further say that contracts had been made as to the building and improving of the public roads and bridges in Panola county, Texas, before this suit was filed, and all contracts have been completed and settled for so far as the fund would settle. Therefore all the acts and things sought to be enjoined in this cause have long since been performed.
"[Signed] H. B. Ivy,
"R. W. Terry."

This affidavit is duly sworn to.

W. D. Hill, the county treasurer, also files the following affidavit:

"Before me, the undersigned authority, on this day personally appeared W. D. Hill, who is known to me to be a reputable citizen of Panola county, Texas, and who, being by me duly sworn, deposes and says that he is the county treasurer of Panola county, and has been holding said official position for the past 18 years; that he was such county treasurer during the year, and as such official received from the sale of the issue of refunding warrants in the sum of |$160,000 the sum of $144,000, which said amount of money was by order of the commissioners' court of Panola county transferred to the road and bridge (or second-class) fund; that there does not remain in his hands one cent of said amount which was realized, to wit, the sum of $144,000, from the sale of said warrants, but that all of said money has been paid out, and was paid out prior to the 4th day of December, 1916; that there is a deficiency in the road and bridge fund, and on the 2d day of December, A. D. 1916, as county treasurer, of Panola county, he registered against said fund a warrant issued in favor of N. A. Dawson for the sum of $9,142.10, the same being an ordinary warrant which was issued to said Dawson for road work, and as final settlement of the work which he had done for Panola county; that the said H. B. Ivy paid to him, as such county treasurer, the sum of $192.51, which was placed to the second-class fund, at which time said fund was overdrawn, the said amount having been paid to me on the 4th day of December, 1916; that on the 2d day of December, 1916, there was transferred from the first-class to the second-class fund the sum of $4,500, and from the fourth-class to the second-class fund the sum of $2,075.18, from the fifth-class to the second-class fund the sum of $4,554.87, and after the transfer of the said items from the said funds on the 2d day of December, 1916, and after the said money went into the second-class or road and bridge fund, the same was paid out, and still there is a deficiency of the road and bridge or second-class fund, and as heretofore stated against said fund is registered county warrants in the sum mentioned to N. A. Dawson, and the condition of this fund was such on the 4th day of December, 1916.

"Affiant further says that all of the said $144,000, which was placed to the road and bridge fund, has been paid out upon warrants duly issued by the county clerk of Panola county, and that, in addition to all of that sum having been paid out, he has paid out in like manner the sum of $11,130.05, which, as stated above, was transferred to said road and bridge fund from the other funds, and that on the 4th day of December, 1916, the said account was overdrawn, and with the payment into the treasury of the amount by said Ivy, on said date, the said fund is still overdrawn, and was on said date so overdrawn.
"[Signed] W. D. Hill,
"County Treasurer Panola County, Texas."

This affidavit is also duly sworn to.

[2] Under the circumstances of this case, the subject-matter of the litigation having ceased to exist, the motion to dismiss must be sustained; and it has been so ordered. Old River Rice & Irrigation Co. v. Stubbs, 133 S. W. 494; Searcy v. Fayette Home Telephone Company, 143 Ky. 811, 137 S. W. 777; Langham v. City of Beaumont, 152 S. W. 869; Electric Park Company v. San Antonio Baseball Association, 155 S. W. 1189; Liebovitz v. American Construction Company, 145 S. W. 1048.