**GARRETT v. STOKES, District Judge, et al.**

**No. 3697.**

Court of Civil Appeals of Texas. Amarillo.

July 29, 1931.

Killough & Dotson and Storey, Leak & Storey, all of Vernon, for relator.

John Myers and R. R. Donaghey, both of Vernon, for respondents.

RANDOLPH, J.

A petition for mandamus has been presented to this court by relator, seeking to compel the Hon. W. N. Stokes, judge of the district court of Wilbarger county, Tex., to set the amount of a supersedeas bond on an appeal. The petition sets out at length the bringing of a suit in the state of Texas by the district and county attorneys to restrain relator from the operation of a pool hall contrary to the laws of Texas. A temporary restraining order was issued by the court, and, on hearing on the merits before a jury and on their answers to issues submitted to them, judgment was rendered by the trial court perpetuating such temporary injunction. From this final judgment relator gave notice of appeal to this court, and then applied to the district judge to fix the amount of a supersedeas bond on appeal. The district judge thereupon refused to set any amount for such supersedeas, for the reason given by him that the case is not "one in which the judgment of the Court can be suspended under the laws of the state on appeal by the filing of a supersedeas bond under article 2270 of the Revised Civil Statutes of Texas."

We are of the opinion that the trial court erred in this refusal to fix the amount of the bond. Article 2270, R. C. S., provides as follows: "An appellant or plaintiff in error, desiring to suspend the execution of the judgment may do so by giving a good and sufficient bond to be approved by the clerk, payable to appellee or defendant in error, in a sum at least double the amount of the judgment, interest and costs, conditioned that such appellant or plaintiff in error shall prosecute his appeal or writ of error with effect; and in case the judgment of the Supreme Court or the Court of Civil Appeals shall be against him, he shall perform its judgment, sentence or decree, and pay all such damages as said court may award against him."

It is useless to discuss the various cases

cited by the parties, as we think that the authorities are clearly in favor of the holding that it was the duty of the district judge to fix the amount of such bond. 3 Tex. Jur. pp. 35, 36, § 3; Ætna Club v. Jackson (Tex. Civ. App.) 187 S. W. 971, 972; Houtchens v. Mercer (Tex. Com. App.) 29 S.W.(2d) 1031, 1036, 69 A. L. R. 1103.

In the Ætna Club Case, the suit was based upon a petition for temporary and permanent injunction, enjoining the defendant from keeping liquor upon its premises for sale, which, upon hearing on the merits, the trial court made permanent. Notice of appeal was given, and the defendant filed its motion praying the court to enter an order fixing the amount of supersedeas bond necessary to suspend the execution of said judgment. This the trial court declined to do, and the plaintiff then applied to the El Paso court for a mandamus to require him to fix such amount of bond which the trial judge declined to do.

The Court of Civil Appeals in that case held that the court had no judicial discretion except as to the amount of the bond, and also holding that the statute gave the right of appeal and the right to supersede all final judgments in civil cases by a compliance with the law. The court further holds in that case that the statute fixing the amount of bond in cases of judgments for lands or money does not provide the amount in any other case, and says: "Where there is a right there must be a remedy. We having concluded that the statutes give the right to appeal from and the right to supersede all final judgments in civil cases by a compliance with the law, we must look for a way for appellants to comply with the law. The appellate courts of this state have declared in many cases that where the statute prescribes no bond, then it is proper and necessary for the court to fix the bond. Hill v. Halliburton, 32 Tex. Civ. App. 22, 73 S. W. 21. See note 22 L. R. A. (N. S.) 1909, p. 316. The principle of judicial discretion does not apply in this sort of case. It was therefore the duty of respondent to fix the amount of the bond to be given upon appeal, and it is the duty of the clerk to approve same as to the sufficiency of the sureties and then to file it, and the court has no authority to order or direct the clerk to do otherwise."

In the Houtchens Case, supra, the Commission of Appeals, with the express approval by the Supreme Court of their opinion, after discussing the facts and the opinion in the case of Ætna Club v. Jackson, supra, says: "A reading of this opinion will disclose that the court held that our statutes relating to supersedeas bonds apply to every final judgment in a civil case. We think this same holding is fully sustained by the opinion of the Supreme Court in the Waters-Pierce Oil Company Case [107 Tex. 1, 106 S. W. 326] cited by the court in Aetna Club v. Jackson."

The opinion of the Commission of Appeals in the Houtchens Case thoroughly discusses the several cases cited by them to support them in their holdings, and we do not deem it necessary to enter into any further discussion of such various cases.

We therefore order the clerk of this court to issue a writ of mandamus, requiring the respondent W. N. Stokes, judge of the district court of the Forty-Sixth judicial district of Texas, to fix the amount of the supersedeas bond for appeal and stay the judgment in this case as prayed for by relator.

JACKSON, J., not sitting.