### ROSS v. STATE ex rel. SHOOK, Cr. Dist. Atty.

#### No. 10130.

Court of Civil Appeals of Texas. San Antonio.

Oct. 16, 1936.

Conger, Low & Spears, of San Antonio, for appellant.

John R. Shook and W. C. Linden, both of San Antonio, for appellee.

SMITH, Chief Justice.

On October 7, 1936, the district court granted a permanent prohibitory injunction restraining Hal J. Ross from conducting a physical "endurance contest" in violation of the terms of article 614b, Vernon's Tex. Ann.P.C. (Acts 1934, 43d Leg. 2d Called Sess. p. 131, c. 62). Ross gave notice of appeal, and upon his motion the trial judge fixed the amount of supersedeas bond on appeal required in the case. Ross tendered a proper bond in the amount fixed, and the clerk duly approved and filed the bond. Transcript of the record has been duly filed in this court, and the cause is now regularly before this court for disposition.

Pending disposition on the merits, the state, through its district attorney, has filed a motion in this court, alleging that Ross has wholly disregarded, and has willfully disobeyed, the terms of the injunction by continuing to conduct and operate said endurance contest (which was already in operation at the time the injunction was issued). Upon those allegations the state prays that, upon hearing, Ross be adjudged to be in contempt of this court, by reason of said disobedience of said injunction. Ross has appeared and answered to said motion and admits that he has disregarded and violated said injunction, as charged, but contends he cannot be held to be in contempt of the court, for the stated reason that the filing of the approved supersedeas bond in the amount fixed by the trial court for the purpose operated to stay the injunction pending decision on the merits in this court.

It seems to be now well settled in this state that the operation of a permanent prohibitory injunction, issued by a district court, may be suspended—stayed—by the filing of a duly approved supersedeas bond in an amount fixed by the trial judge, and, this being true, persons affected by the restraining order are not bound to observe and obey that order pending appeal, or un-less restrained by original order issued by the appellate court. Articles 2270, 2275, R. S. 1925, and article 2249 as amended by Acts 1927, c. 52, § 1 (Vernon's Ann.Civ.St. art. 2249) ; Waters-Pierce Oil Co. v. State, 107 Tex. 1, 106 S.W. 326, 330; Houtchens v. Mercer, 119 Tex. 431, 29 S.W.(2d) 1031, 69 A.L.R. 1103; Garrett v. Stokes (Tex. Civ.App.) 41 S.W.(2d) 694; Haley v. Walker (Tex.Civ.App.) 141 S.W. 166; Aetna Club v. Jackson (Tex.Civ.App.) 187 S. W. 971.

In support of its contention that the filing of supersedeas bond did not have the effect of staying the injunction, the state cites and relies upon the cases of Ford v. State (Tex.Civ.App.) 209 S.W. 490, and Diversion Lake Club v. Heath (Tex.Civ.App.) 52 S.W.(2d) 380.

The controlling holding in the Ford Case seems to be that a temporary injunction survives a trial on the merits, and a permanent injunction resulting from such trial—a proposition we need not speculate upon here. But, even if the decision in that case supports the state's contention in this case, it is, nevertheless, contrary to the great weight of authority in this state, and has never been followed in any authoritative case that has come to our attention. In the Diversion Lake Case the question presented here was in no sense involved, and therefore the opinion expressed by the court in that case, that the filing of a supersedeas bond does not operate to stay or suspend an injunction, was pure dictum. The court based that opinion upon the Ford Case and certain cases from other states, where the Texas rule, as promulgated in the cases cited above, and given effect here, does not prevail. That Texas rule is contrary to that of many, if not the majority, of the other states, but it is nevertheless the rule by which this court must be guided. It is true, as relator contends, that in some of the cases cited above in support of the decision, the opinions upon the question here presented are dicta. But in the majority of those cases the holding is not dictum, but direct and controlling, and cannot be disregarded by this court.

There seems no occasion for further discussion. The point here discussed and decided is the only law question before us and controls the appeal.

Accordingly, we hold that the filing of an approved supersedeas bond by respondent, Ross, in the court below had the effect of staying the injunction pending

appeal, and respondent may not be held in contempt of this court, or penalized, for disregarding or disobeying the terms of the injunction.

The state's motion for contempt is denied, and respondent discharged with his costs.