## ANTNER et al. v. STATE.

### No. 13759.

Court of Civil Appeals of Texas. Fort Worth.

March 4, 1938.

Rogers & Spurlock, of Fort Worth, for appellants.

Wm. McCraw, Atty. Gen., and Sam Lane and Tom Gordon, Jr., Assts. Atty. Gen., and Will R. Parker, Crim. Dist. Atty., and Cecil Rotsch, Asst. Crim. Dist. Atty., all of Fort Worth, for the State.

SPEER, Justice.

Some time prior to June 14, 1937,.the state of Texas, acting by and through the Liquor Control Board, instituted àn action in a district court of Tarrant county against Morris Antner and others, for a temporary injunction to restrain them from operating and maintaining a common nuisance, as defined by the Texas Liquor Control Act, Vernon's P.C. art. 666—1 et seq., at a named place in the city of Fort Worth. Prayer was for the temporary writ, and that upon final hearing, the place of business be declared a common nuisance, that it be abated, and that the injunction be made permanent on final trial.

The temporary writ was issued as prayed for, and prior to a hearing on its merits, the state filed a motion against defendants for contempt, alleging many violations of the. order. The hearing on the merits was set and tried on June 14, 1937. Antner and the other parties who had been previously restrained answered, and upon a hearing before a jury, verdict was rendered and judgment entered by the court.

The temporary writ of injunction was. made permanent and specifically enjoined defendants from selling by the drink, and from keeping, or allowing to be kept for sale, barter, or gift, and from possessing on the premises, spirituous intoxicating liquors produced in whole or in part by the process of distillation for beverage purposes. The court further, in effect, found the defendants' place of business, as operated, constituted a common nuisance in law, and ordered that the place be closed for a period of one year, or until such time as the defendants should give a bond in the penal sum of $5,000, conditioned as provided by law.

Motion for new trial was overruled by the court. Exception to the ruling was taken and notice of appeal given and perfected by the execution of a supersedeas bond, the amount of which was fixed by the court at $2,500. The appeal thus perfected is pending in this court and has not been reached on the docket for disposition.

The immediate matter before us is a petition by the state for a temporary writ of injunction against defendants, to restrain them against further violation of the liquor laws, and further acts in disregard of the permanent injunction by the trial court, now on appeal. It is contended by the state that the injunctive relief prayed for is necessary to preserve and enforce the jurisdiction of this court, until the case on appeal can be disposed of.

642

In view of the nature of the relief sought and obtained by the state in the trial court, we do not believe it is necessary or proper for this court to grant the application, for the protection of our jurisdiction, nor to preserve the status of the property involved, pending the appeal.

Article 1823, Rev.Civ.St., provides with reference to Courts of Civil Appeals: "Said courts and the judges thereof may issue writs of mandamus and all other writs necessary to enforce the jurisdiction of said courts."

This statute has been construed by the courts to mean that injunctive relief may be granted to preserve the status of the property or subject matter in controversy until the appeal is decided. Leonard v. Small, Tex.Civ.App., 28 S.W.2d 826. In that case the taking of lands by condemnation proceedings was involved; the commissioners appointed by the county judge had awarded damages at $31,000, and on appeal to the county court the jury award was $81,000; condemnor sought to set aside the judgment rendered and to exercise its option not to condemn; the motion was denied and an appeal was taken; the landowner asked the appellate court for a writ of mandamus to require the county to take the lands at the price fixed by the jury, and the writ was denied because the issue on appeal was whether or not the condemnor had the right to decline to take the lands at the price named by the jury.

In Gibbons v. Ross, Tex.Civ.App., 167 S.W. 17, a writ was issued by the court pending an appeal, because, as there shown, the controversy below was over the possession of land, and the party who won the right of possession below, from which judgment the appeal was pending, sought to take possession and by that act enforce the execution of the appealed judgment; the court required the parties to leave the lands in status quo until it could be determined who was entitled to its possession. Such a condition does not exist in the instant case.

Our Courts of Civil Appeals are not in complete harmony on the question of whether or not injunctions restraining parties from doing specified things may be superseded and the order suspended during appeal. In Ford v. State, Tex.Civ.App., 209 S.W. 490, it was held that one who violated the liquor law could be enjoined therefrom, and that the restraining order could not be superseded on appeal, while in Ross v.

State ex rel. Shook, 97 S.W.2d 505, the San Antonio Court of Civil Appeals, in passing upon a similar question, where a person had been enjoined from operating an endurance contest, said that the injunction granted by the trial court could be suspended by appeal and supersedeas bond, and that the defendant was not in contempt of court in disregarding the injunction; the last-mentioned court declined to follow the rule announced in the Ford Case. We find, however, that no question has been raised in this record as to the right of defendants to supersede the judgment of the trial court, by giving the bond for $2,500 set for that purpose.

We think the remedies provided by law afford the state ample protection and a means by which it can maintain the status of the parties and subject matter of this controversy pending the appeal. The suit filed below and determined by the court was one of a two-fold nature: (a) To determine that the defendants' place of business, as operated by them, was a statutory nuisance, and (b) to abate that nuisance by enjoining defendants from operating it in such way as to make it such. This court is not one of original jurisdiction to issue special writs such as prayed for herein, but has only appellate powers, and can issue the restraining orders and such other writs as are provided by the statute above quoted and as construed by the courts, under conditions therein provided.

It is fundamentally true that before a complaining party can procure injunctive relief, he must first resort to all available legal remedies afforded by law. In Herring v. Houston Nat'l Exch. Bank, 113 Tex. 337, 255 S.W. 1097, 1103, the Supreme Court had under consideration a motion for contempt, growing out of an alleged violation of an injunction theretofore issued and there announced the well-settled rule to be: "Since a writ of injunction or prohibition will lie only in cases of manifest necessity and after fruitless efforts for relief in the inferior tribunal, one formerly issued will not be construed to embrace a case where such legal remedies exist. To do so would be a contravention of the well-established rule applicable to these extraordinary writs."

Until the laws applicable to the illegal sale of intoxicating liquors have been found inadequate to protect the public against abusive practices of those who en-

joy the privilege of a license by the state to follow the business in such manner as is permitted under such a license, we must assume the remedies provided by law are sufficient to afford legal relief without resorting to the equitable arm of the law. As indicated by Judge Pierson in the Herring Case, supra, this extraordinary relief will not be granted until an effort is made to procure it, through the legal channels provided by law. If a fruitless effort had been made under the law to prevent these defendants from doing, since the date of the issuance of the injunction, what they are charged in the application before us with doing, then equity will supply the needs; this presents a challenge for legislative action, and not an invitation for judicial control.

Article 666—1 et seq., Vernon's Texas Penal Code, contains our Liquor Control Act. In that article and the 48 subdivisions may be found the means provided by that Code for the enforcement of the act. In addition to criminal proceedings against violators, article 666—29 provides that if the provisions of the act are violated in manners therein specified (such as are claimed defendants in this case have done), the place of business becomes a statutory nuisance and may be abated as such. The trial court is given power and authority to permanently enjoin the operators of such places from continuing the business, and, in addition thereto, the court may order the place closed for a period of a year, or until the owners shall give a good and sufficient bond, to be approved by the court, in the penal sum of not less than $1,000 "payable to the State, and conditioned that liquor will not thereafter be manufactured, possessed, sold, bartered or given away, or furnished, or otherwise disposed of therein, or kept thereon, or therein, with the intent to sell, barter, or give away, or otherwise dispose of same, contrary to law, and that he will pay all fines, costs and damages assessed against him for any violation of this Act. If any conditions of such bond be violated the whole amount may be recovered as a penalty for the use of the county wherein the premises are situated."

█ The remedy afforded for abatement of such places as common nuisances is cumulative to the provisions for criminal prosecution. The Legislature, perhaps, saw the frailties of the latter, in that, one who is enjoying the privilege to sell liquor by the grace of the state, under a license, may not care for the enforcement of the penalties inflicted by criminal prosecution, if they can continue to operate illegally and thereby replenish their coffers pending appeals of such convictions. Nor does the resort by the state to the civil action to abate the nuisance preclude criminal prosecutions for offenses subsequently committed. It occurs to us that with the two means afforded by law, the state may, by diligent application, make a defiant licensee conclude that his acts are profitless.

█ The argument presented by the state that delay incident to appeals from abatement proceedings, as well as from criminal prosecutions, cover a period of time when the license may expire, is not without force, as was indicated in the Ford Case, supra; but we do not think this means that an appellate court should assume original jurisdiction to do the things enjoined upon trial courts. Whether or not the provisions of law for appeals by supersedeas bonds from injunction proceedings, such as this, are expedient is not ours to decide; but it is the established law, and we must recognize it. Article 2275, R.C.S.; Rogers v. Ivy, Tex.Civ.App., 191 S.W. 728; Waters-Pierce Oil Co. v. State, 107 Tex. 1, 106 S.W. 326, 330; Haley v. Walker, Tex. Civ.App., 141 S.W. 166; Ross v. State ex rel. Shook, Tex.Civ.App., 97 S.W.2d 505; Houtchens v. Mercer, 119 Tex. 431, 29 S.W. 2d 1031, 69 A.L.R. 1103. The last-mentioned case, with the authorities there cited, we consider decisive of the question, that injunctive and other mandatory orders, of the character here under consideration, may be stayed pending appeal, by the filing of a supersedeas bond. The distinction between these cases and the question involved before this court in Mayhew v. Power, Tex.Civ. App., 104 S.W.2d 642, is so apparent we shall not here discuss it.

Because of the conditions of a supersedeas bond, it is difficult for us to see how the state, in a case like this, could get relief from such a bond, yet, as stated above, this is a matter that the Legislature alone can remedy. This may have been effectively done by article 666—29 of Vernon's Texas Penal Code; by that act, the courts may require bond to require the payment of fines, etc., assessed against the principal, and not permit him to take his "ill gotten gain" and place it deep down in his pocket and go to jail, upon conviction and in that way pay the penalty.

Again, there is another provision of the law by which the state may be permitted to largely overcome the delay incident to appeals in such actions as this; upon application the case may be advanced on the docket for hearing and disposition. Then, too, the appeal of this case which is yet to be reviewed by us involves the right of the state to have the defendants enjoined from selling certain intoxicating liquors and to have the place of business abated as a common nuisance; the granting of the injunctive relief sought by the state on this application would be to virtually determine the issues of that appeal, prior to the time it shall come before us in its regular order, whether under an order advancing it or otherwise. Shelton v. City of Abilene, Tex.Civ.App., 75 S.W.2d 934.

It is not necessary for the preservation of the jurisdiction of this court in the case on appeal that we issue the injunction prayed for.

Until the state has made an unsuccessful effort to exhaust the remedies afforded it against the defendants, we do not consider the relief prayed for now is necessary to preserve the jurisdiction of this court to determine the appeal pending before us, and the application for injunction is denied.