## EX PARTE PHILIP MARCX.

### No. 2821.  Decided December 13, 1922.

#### (246 S. W., 81.)

**1.—Intoxicating Liquors—Injunction—Pleading.**

The pleading here considered, in a complaint by the District Attorney, is held sufficient to support an injunction against the keeper of a road house as a nuisance because intoxicating liquors were there sold, and to warrant the punishment for contempt of the defendant violating such injunction, as provided in the Act of April 30, 1919, Laws, 36th Leg., 1st and 2d Called Sessions, ch. 78, pp. 228-240 (Vernon's Civ. & Crim. Stats., Supp. 1922, Penal Code, arts. 588 ¼00, 588¼p., 588¼ pp., 588¼q, 588¼s.) The complaint of violation of the prohibition law was in no way weakened by including also the charge that the place was a nuisance because kept as a bawdy house.  (p. 159).

**2.—Injunction—Contempt.**

To entitle the court to punish for contempt the violation of its injunction against the sale of intoxicating liquors (Act of April 30, 1919, secs. 38, 39, Vernon's Stats., Supp., 1922, arts. 588¼ rr., 588¼s) it is immaterial whether such injunction was a permanent or only a temporary one.  (p. 160).

Original proceeding in the Supreme Court on application of Marcx for writ of *habeas corpus*, complaining of unlawful restraint by John W. Tobin, Sheriff of Bexar County, by whom he was held under a commitment for contempt by the District Court.

*Leonard Brown,* for relator.

The power of a District Court to punish for contempt of court

for violating a temporary writ of injunction restraining the operation of a bawdy or disorderly house is limited to a fine of $100 and imprisonment not to exceed three days.

Where a temporay writ of injunction is granted on *ex parte* hearing, all allegations, including the prayer for relief should be construed strictly against the pleader, and the relief granted should not be broader than the prayer, and where a prayer of an application for injunction asks that a temporary writ of injunction issue only to restrain the defendant from operating a bawdyhouse or disorderly house, the court had no power to issue a temporary writ of injunction restraining a person from violating the liquor laws.

Where a court has no power under the pleadings and prayer of a petition to issue a temporary writ of injunction restraining a person from violating the liquor laws, and should not have issued such a writ under the prayer of said petition, then the writ issued was void and a person violating said writ could not be punished for contempt of court for violating said injunction.

Under Article 588 1/4s of the Penal Code, Vernon's Complete Texas Statutes, providing a penalty for violating a writ of injunction issued in a suit brought under Article 588 1/4rr of said statute, the power of the court to assess the punishment provided in said Article 588 1/4s was limited to suits brought under said Article 588 1/4rr, and where the prayer of a petition specifically invoked other articles of the statute, the court had no power to assess the punishment provided for in said Article 588 1/4s.

Article 588 1/4s of the Penal Code, Vernon's Complete Texas Statutes authorizes punishment for contempt for violation of an injunction by a fine of not less than $100 nor more than $500, and imprisonment not less than thirty days and not more than six months only in cases where a permanent injunction has been issued, and not where a temporary writ has been issued.

Section 2 of Article 4674 of Vernon's Complete Texas Statutes authorizing the issuance of an injunction to restrain violation of liquor laws in local option territory was repealed by adoption of the Prohibition Amendment to the Constitution of the State of Texas, and enactment of Article 588 1/4p of the Penal Code, Vernon's Complete Texas Statutes.

Where the proof offered in support of a motion for contempt does not show facts such as would support a conviction in a criminal prosecution for the same offense, the court would not be authorized to find a defendant guilty of contempt of court.

The delivery to the sheriff of a copy of a judgment finding a defendant guilty of contempt of court, is not a commitment within the meaning of the law.

Where a motion for contempt is filed against a defendant in an injunction suit, such motion should be sworn to by the plaintiff or his authorized agent, and an affidavit by some person whose con-

nection with the case is not shown, is not sufficient. The main question involved in this case is whether under the law the trial court was. authorized to assess a punishment of a fine of $200 and thirty days in jail for contempt of court for violating a temporary writ of injunction issued by the court. There can be no question that if the punishment for contempt was excessive that the judgment so assessing said punishment is void and the relator should be discharged. Ex parte Coward, 110 Texas, 587, 222 S. W., 531; Ex parte Morgan, 48 Texas Cr., 108, 86 S. W., 755. Respondent will undoubtedly claim that Article 588 1/4s authorizes such punishment. Relator claims that this suit was not instituted under said article, that the prayer of plaintiff's petition did not authorize the issuance of a temporary writ of injunction other than to restrain the operation of a bawdy or disorderly house, and that said article did not and could not have any application to the case at bar.

Under the authorities in this State, there can be no question but that the court did not have the power to grant relief not asked for in the prayer of the petition. It is the general rule that in construing pleadings the statements of a party are taken most strongly against himself, and that ordinary rules of pleading are made more stringent in injunction cases. San Antonio Fire Fighter's Local Union No. 84 v. Bell, 223 S. W., 508, citing Gillis v. Rosenheimer, 64 Texas, 243. It is a further well established rule of law that injunction suits to restrain the violation of penal laws are the creature of statutes only, and that the remedy given by statute is a summary remedy and must be pursued strictly. Ex parte Garza, 50 Texas Cr., 106, 95 S. W., 1059; State v. Duke, 104 Texas, 355, 137 S. W., 654; State v. Patterson, 14 Texas Civ. App., 465, 37 S. W., 478. In the case of White v. McFaddin, 209 S. W., 766, the Court of Civil Appeals passed upon the question of the power of a court to issue a temporary writ of injunction on *ex parte* hearing and grant relief broader than the prayer of the petition, and held as follows: If the court had no power to issue a writ broader than the prayer of the petition, then it follows that the writ issued was void, and that violation thereof could not be punished for contempt. The cases of Ex parte Coward, 110 Texas, 587, 222 S. W., page 531, Ex parte Garza, 50 Texas, Cr., 106, 95 S. W., 1059, and Ex parte Degener, 17 S. W., 1111, 30 Texas App., 566, decisively establish this as the law of this State.

*D. A. McAskill,* District Attorney, and *W. S. Anthony,* Assistant, for respondent.

It is true that in the petition as presented to the special judge there is a count, or part of said petition based upon what is known as the "Disorderly" or "Bawdyhouse" statute, and the testimony in the case shows that the defendant was guilty under this provision of

the statute, but the petition also states facts which entitle the State to have the punishment assessed as provided in Section 39 of Chapter 78 of the General Laws of Texas, approved July 30, 1919.

The fifth assignment is predicated upon the proposition that the punishment of two hundred dollars and imprisonment of thirty days is void in that if under said Articles 5881¼s the court was authorized to assess the punishment provided therein, that said Article only applies where a permanent injunction has been issued, and does not apply where a temporary writ has been issued. This contention of the Relator was held against him in the case of Ex Parte Olson, 111 Texas, 601, 243 S. W., 773. It was expressly held in that case that a temporary writ would lie, although the statute does not mention temporary writ.

In answer to the tenth assignment of error, wherein it is complained that the motion for contempt by the District Attorney was wholly insufficient to support a judgment of conviction for contempt, in that the said motion was not sworn to in the manner required by law, said motion being sworn to by one J. A. N. Flores, whose connection with the case is not shown, not by the District Attorney. The following authorities will show that the proceedings for contempt were regular and were supported by all the authorities: Ex Parte Dupree, 101 Texas, 150; 105 S. W., 493; Alamo Club v. State, 147 S. W., 639; Ex Parte Breeding, 90 S. W., 636; Ex Parte Morgan, 51 Texas, Cr., 551; 124 S. W., 99; Ex Parte Yoshida, 156 S W., 1166.

In conclusion we will state that in our judgment every assignment raised by Relator has been considered and held against him in the case of Ex Parte Olson, 111 Texas, 601, 243 S. W., 773, for the following reasons:

First: Even if the injunction was too broad, which in this case included gambling houses and disorderly houses, it would not make the order void for the reason that it also included a violation of the injunction part of the Dean Act, and unless absolutely void Relator in this proceeding could not question it. Ex Parte Testard, 101 Texas, 250 to 253. 106 S. W., 319, and High on Injunctions, Vol. 2, 4th Edition, par. 1416-1417.

Second: The District Court clearly had jurisdiction of Relator and the subject-matter of the suit, and the injunction issued, therefore, cannot be said to be absolutely void. Lytle v. G., H. & S. A. Rv. Co., 41 Texas, Civ. App., 112, 90 S. W., 316-317, and other authorities cited there.

Third: It is not the province of the Supreme Court to review findings of the trial court on *hapeas corpus* proceedings. A sufficiency of the evidence was a question of fact for the trial court, and his conclusion was final. It is not the purpose of the Supreme Court to review the evidence as to its sufficiency to support the findings of the

trial court, as was said in the case of Ex Parte Lytle, 99 Texas, 405, 89 S. W., 956, in opinion of Justice Williams of this court.

Mr. Justice PIERSON delivered the opinion of the court.

On the 9th day of August, 1922, a writ of *habeas corpus* was issued in this proceeding upon the application of relator, Phillip Marcx, complaining that he was illegally restrained of his liberty and confined in the county jail at San Antonio, Bexar County, Texas, by John W. Tobin, Sheriff of said county, by virtue of a commitment issued out of the District Court of the Thirty-seventh Judicial District on an order finding relator guilty of contempt of court for violating a temporary writ of injunction theretofore issued by said court, and assessing punishment at a fine of $200 and imprisonment in the county jail for thirty days.

On the 8th day of July, 1922, the Honorable D. A. McAskill, District Attorney of the Thirty-seventh Judicial District, filed a petition for injunction to restrain and enjoin relator from using his certain house, dance hall and premises on the Austin Road nine miles from San Antonio as a bawdy and disorderly house and as a house and place where intoxicating liquors were kept, sold, dispensed, etc., in violation of law, and to declare said premises a nuisance.

A temporary injunction was granted by Special Judge Honorable W. W. Walling, and same was served on relator.

On the 25th day of July, 1922, relator was cited for contempt of court upon a motion alleging violation of said injunction on the night of July 22nd. Upon hearing, relator was found guilty of violating the terms of said injunction, and the punishment assessed as above stated under the provisions of the Statewide Intoxicating Liquor Prohibition Law.

The burden of relator's contention is that the judgment of the trial court is void because said court was without power to assess the penalty that it did; that the writ of injunction restraining relator from using his premises for keeping, having, giving away, or dispensing for sale intoxicating liquors in violation of law was void because there were no pleadings to support said writ, in that the petition for injunction did not allege a violation of the Statewide Intoxicating Liquor Prohibition Statutes, but that the petition only asked for a temporary writ of injunction to restrain relator from running a bawdy or disorderly house; and *particularly,* because the prayer did not pray for an injunction to restrain relator from violating the law under the liquor statutes; that the punishment assessed being unauthorized, the judgment was void, and the relator should be discharged.

As presented by relator, the petition for injunction did plead, fully, facts showing a violation of the bawdy and disorderly house

statutes, and declared relator's place to be a nuisance, and prayed for the abatement thereof by the writ of injunction as authorized by those statutes. Said petition also pleaded, fully, facts showing a violation of the Statewide Intoxicating Liquor Prohibition Statutes, as follows:

"And the said District Attorney further states unto the court that the aforesaid premises and buildings located thereon on the premises hereinbefore described were at all times mentioned in this petition and are now by the defendants and each of them knowingly used for the purposes of storing, selling, receiving, delivering bartering and giving away intoxicating liquors in violation of the law and the said premises are threatened to be so knowingly used by defendants and each of them for the purpose of storing, selling, receiving, delivering, barter and giving away intoxicating liquors in violation of the law.

"That the defendants and each of them maintained and assist in maintaining the aforesaid rooms, houses, buildings and places on said premises where intoxicating liquors were at all times mentioned in this petition located and kept, possessed, sold and bartered in violation of the law and are threatened by the defendants to be so maintained."

That part of the prayer in the petition for injunction which applies to the violations of the Statewide Intoxicating Liquor Prohibition Statutes reads as follows:

"And the District Attorney further prays that under Articles 588-$\frac{1}{4}$oo, 588-$\frac{1}{4}$p, 588-$\frac{1}{4}$pp and 588-$\frac{1}{4}$q, of the Penal Code of Texas that the Court abate and perpetually enjoin such common nuisance so maintained and threatened to be maintained by the defendants."

This is followed by the further prayer that, upon judgment of the court abating and enjoining the nuisance, the premises of relator be closed for a period of one year, unless bond in the sum of $1000 is given conditioned as required by Article 588-$\frac{1}{4}$pp.

Articles 588-$\frac{1}{4}$oo, 588-$\frac{1}{4}$p, 588-$\frac{1}{4}$pp and 588-$\frac{1}{4}$q, Penal Code, referred to in the prayer, are parts of the Statewide Intoxicating Liquor Prohibition Law, and are the articles of the statute that prohibit the doing of the things and the keeping of the premises as alleged in the petition, and declare same to constitute a nuisance and provide for abatement by injunction.

For the violation of these Articles the punishment is provided in the succeeding Article 588-$\frac{1}{4}$s, and it was in accordance therewith that the District Judge assessed the punishment herein.

The trial court, to be sure, would have been authorized, under the allegations and proof, to have enjoined and punished relator under the bawdy and disorderly house statutes. However, the allegations and proof in that connection do not in any manner weaken or impair

the allegations and proof in regard to the violation of the liquor laws. They strengthen, rather than weaken.

The punishment assessed by the trial court was very moderate under the proof and under the authority of the statute.

Relator presents that Article 588-¼s authorized the punishment therein provided only in cases where a permanent injunction has been issued, and not where a temporary writ has been issued. There is nothing in the Article to so indicate. On the contrary, the Article indicates that the punishment provided applies to the violation of any injunction authorized by any of the Articles of the Statewide Intoxicating Liquor Prohibition Statutes referred to in Article 588-¼rr,

We think it unnecessary to enter a discussion of the principles that control the issuance of writs of injunction and punishment for their violation; but as applicable to this case, we refer to High on Injunctions, Vol. 2 (4th Ed.), Sections 1416, 1417 and 1430; Ex Parte Warfield, 40 Texas Crim., 413; 50 S. W., 933; Lytle et al. v. Galveston, H. & S. A. Ry. Co. et al., 41 Texas Civ. App., 112, 90 S. W., 316; Ex Parte Olson, 111 Texas, 601, 243 S. W., 773.

We have carefully reviewed all the assignments presented by relator, and they are overruled.

Having concluded that the trial court did not exceed its authority in assessing punishment, and that the judgment entered by it was in all things within its jurisdiction, it follows that relator must be remanded to the custody of the Sheriff of Bexar County, and it is so ordered.