## GRIFFITH v. STATE. (No. 12216.)

Court of Civil Appeals of Texas. Fort Worth.
April 27, 1929.

Simpson & Collins and W. E. Myhers, both of Fort Worth, for appellant.

R. A. Stuart, of Fort Worth, for the State.

BUCK, J. Suit was instituted in the Forty-Eighth district court of Tarrant county by R. A. Stuart, as criminal district attorney of Tarrant county, for and on behalf of the

state of Texas, against S. Neal Griffith, said suit being instituted on March 11, 1929, and the petition alleging that the defendant therein named was maintaining certain premises known as the "Stockyards Social Club," situated in said county and state, in such a manner as to constitute a public nuisance. There were several and varied allegations made with reference to violations of the law which the relator, the state of Texas, claimed caused the premises to be a public nuisance, among which were allegations that the said premises were commonly resorted to by persons and that intoxicating liquors were kept, possessed, sold, manufactured, bartered, and given away in violation of the law, and that said place was resorted to by persons for the purpose of drinking such liquor, and said premises being a place where people resorted for the purpose of gambling and for the purpose of prostitution.

Petitioner prayed that the court issue its temporary injunction abating said nuisance and enjoining the same and enjoining defendant from carrying on the same, and from dealing in intoxicating liquors, and that said place be closed until further orders of the court.

Plaintiff further prayed that defendant be cited in due form of law to answer, and, upon a hearing thereof, plaintiff prayed that said temporary injunction be made perpetual, and that plaintiff have judgment abating said nuisance and enjoining the same, and in enjoining the defendant from so carrying on the same and from dealing in intoxicating liquors, as aforesaid.

Plaintiff further prayed for judgment closing the above-named and described place for one year from date of judgment, unless said place be replevied and bond made for same in the manner prescribed in chapter 24, Acts of the Second Called Session of the 38th Legislature of Texas (1923).

This petition was duly sworn to by R. A. Stuart, criminal district attorney of Tarrant county. The court entered its order, in chambers, without the presence of defendant, and apparently without the defendant having been cited, as follows: "The foregoing petition examined by me this 11th day of March, A. D. 1929, and said temporary injunction as prayed for granted and that the clerk of this court will issue such writ enjoining the defendant S. Neal Griffith from using premises described in petition as a nuisance and abating the same and enjoining said place from being used as a place where intoxicating liquors are kept, possessed, sold, manufactured, bartered and given away, and restraining the illegal handling of intoxicating liquors and the use of said place for the purpose of gambling and prostitution, as set out in the petition, and closing said place until the further order of this court."

After the order for the issuance of the injunction and the closing of the premises "until the further order of this court," a citation was issued to the defendant to appear before the court on March 23, 1929, at 9 o'clock, a. m.

The court certified, on March 11, 1929, that no testimony was introduced or heard prior to the granting of the temporary writ of injunction, or at any time subsequent thereto.

A writ of temporary injunction in conformity with the order of the Forty-Eighth district court was issued by the district clerk of Tarrant county on March 11, 1929, and on said date was placed in the hands of the sheriff of Tarrant county, and on said March 11th the same was served on said S. Neal Griffith, and the sheriff acting through his deputy made return on said writ showing that said writ had been executed by delivering a copy thereof to the said S. Neal Griffith and "by closing said place described in the writ."

Defendant appealed from this order.

### Opinion.

Appellant urges that this action is predicated upon the provisions of articles 4664, 4665, and 4666, Rev. St. 1925.

Article 4664, under the heading "Nuisance," is as follows: "Any hotel, rooming house or boarding house, country club, garage, rent car stand or other place to which the public commonly resort for board or lodging or commonly congregate for business or pleasure, where intoxicating liquors are kept, possessed, sold, manufactured, bartered or given away, or to which persons resort in assembling of two or more persons to the room for the purpose of drinking intoxicating liquor, or where intoxicating liquors are furnished to minors or to students of any educational institution, or where persons resort for the purpose of gambling, or for the purpose of prostitution, is hereby declared to be a common nuisance. Any person who knowingly maintains or assists in maintaining such a place is guilty of maintaining a nuisance."

Article 4666, under the heading "Nuisance; Prosecution," is as follows: "Whenever the Attorney General, or the district or county attorney has reliable information that such a nuisance exists, either of them shall file suit in the name of this State in the county where the nuisance is alleged to exist against whoever maintains such nuisance to abate and enjoin the same. If judgment be in favor of the State, then judgment shall be rendered abating said nuisance and enjoining the defendants from maintaining the same, and ordering that said house be closed for one year from the date of said judgment, unless the defendants in said suit, or the owner, tenant or lessee of said property make bond payable to the State at the county seat of the county where such nuisance is alleged to exist, in the penal sum of not less than one thousand nor more than five thousand dol-

lars, with sufficient sureties to be approved by the judge trying the case, conditioned that the acts prohibited in this law shall not be done or permitted to be done in said house. On violation of any condition of such bond, the whole sum may be recovered as a penalty in the name and for the state in the county where such conditions are violated, all such suits to be brought by the district or county attorney of such county."

Appellant urges that the order entered in this cause by the trial court without hearing any testimony, and without any notice to appellant, was more drastic than is authorized by the statute after a full and final hearing; and that the order granting the writ of temporary injunction and closing appellant's premises until the further order of the court, and without the hearing of any testimony, was depriving the appellant of his property without due process of law and in violation of section 19 of the Texas Bill of Rights. That the only order that the court had authority to enter in this cause without hearing and without notice to the appellant was one that would maintain the status quo, and restrain the defendant or respondent from further violating the law in the respects indicated, and charged in the complaint, until a further hearing.

We are of the opinion that the objection urged to that portion of the judgment below authorizing the closing of the premises until further orders of the court constitutes error on an ex parte hearing. Article 4666 provides that suit shall be instituted for the purpose of abating the nuisance, and we are of the opinion that it was contemplated by the Legislature, and so specifically provided, that only after such civil suit had been instituted, and a hearing had on the merits, after due service of citation, that such an order was permissible. Undoubtedly the court had authority to enter a temporary restraining order restraining appellant from using his premises for the purpose of selling or keeping intoxicating liquors in violation of the law or for the purpose of violating the law in the other respects provided by statute until the court could have a full and final hearing on the matters of which complaint is made. But we think that the court did not have authority to close the premises by writ of temporary injunction "until the further orders of the court" without a hearing on the merits. As we construe the article of the statute above quoted, clearly it provides that if judgment be in favor of the state, evidently on final hearing, then judgment should be rendered for plaintiff abating said nuisance and enjoining the defendant from maintaining the same, and ordering that said house be closed for one year from the date of said judgment.

In Teutonia Club v. Howard, 141 Ga. 79, 80 S. E. 290, Ann. Cas. 1915B, 1062, by the Supreme Court of Georgia, the trial court, after evidence, but on an interlocutory hearing, held that the club was a nuisance and abated it as such. In that case the court said, quoting from the headnotes: "So much of the order as adjudicated the club to be a nuisance, and abated as such, is tantamount to a final judgment, which cannot be rendered on an interlocutory hearing; and it is directed that this adjudication be stricken from the order."

In United States v. Auto City Brewing Co. (D. C.) 279 F. 132, it was held that under sections 21 and 22 of title 2 of the National Prohibition Act (27 USCA §§ 33, 34), which gives to the district court authority to issue a temporary injunction restraining defendants from disposing of liquors on the property in controversy, the court was not justified on a hearing for temporary injunction to restrain the exercise of control over the premises on which the liquor was kept or stored.

In Holman v. Cowden & Sutherland, 158 S. W. 571, 573, the Galveston Court of Civil Appeals said: "Appellant also makes objection to the order granting the injunction, on the ground that it was granted without notice. As we have taken occasion to say several times, while the district judge had the power to grant an injunction without notice to the other party, it is only in the rarest cases that it is proper to do so. In every conceivable case, no matter how pressing the emergency, a temporary restraining order (well known in our practice as distinguished from a temporary injunction), restraining the defendant and preserving the status until such time as the application for temporary injunction can be heard after notice to the defendant, is all that is necessary. In this way both parties can be heard before passing upon the application, and many times a serious mistake avoided."

In James v. E. Weinstein & Sons, 12 S.W. (2d) 959, 961, the Commission of Appeals held, as follows: "If the effect of the granting of a temporary injunction does more than preserve the status of the property as it had theretofore existed, and accomplishes the whole object of the suit, it would be improper for the court to grant same, as the legitimate purpose of the temporary injunction is merely to preserve the existing condition until a final hearing can be had on the merits. The court is without authority to divest a party of property rights without a trial and any attempt to do so is void."

This case was decided by this court in 1 S.W.(2d) 421, and we held, on page 424, on appellant's motion for rehearing, that under the facts shown the hearing below was one on the merits, and not a temporary injunction. The Commission of Appeals held otherwise, and we bow to their superior authority.

See, also, Galveston & W. R. Ry. Co. v. City of Galveston, 137 S. W. 724; Ort v. Bow-

**380**

den, 148 S. W. 1145; El Campo Light, Ice & Water Co. v. Water & Light Co. of El Campo, 63 Tex. Civ. App. 393, 132 S. W. 868, by the Galveston Court of Civil Appeals.

We conclude that so much of the order of the district court as closed said premises until further orders of the court should be vacated, and such question left to a hearing on the merits. Therefore, the judgment below is reformed so as to omit therefrom the portion of the judgment reading: "And closing of said place until further orders of this court." As so reformed the judgment is affirmed.

The costs of this appeal is adjudged against the appellee.