### STATE v. MALONE.
#### No. 11224.

Court of Civil Appeals of Texas. Dallas. Oct. 23, 1934.

Rehearing Denied Nov. 17, 1934.

164

See, also, 75 S.W.(2d) 875.

Robert L. Hurt, Dist. Atty., and J. Hardy Neel and W. F. Clark, Asst. Dist. Attys., all of Dallas, for the State.

Taylor & Irwin, Ivan Irwin, and Hughes & Monroe, all of Dallas, for respondent.

JONES, Chief Justice.

On October 23, 1934, respondent, A. J. Malone, was adjudged in contempt of this court and assessed a penalty by fine of $500 and sixty days in the county jail, and costs of the contempt proceedings. The proceedings in contempt were initiated by relator, the state of Texas, by the filing through the district attorney of Dallas county, a duly verified petition, showing that on August 11, 1934, a suit had been filed by relator against respondent, charging, in effect, that respondent was operating a business under the name of "The Shamrock," at 1334–36 Commerce street, Dallas, ostensibly as a beer parlor and sandwich shop, but that such place of business was operated by respondent "for the purpose of selling, bartering, exchanging, transporting, delivering, keeping for sale, taking orders for and furnishing spirituous, vinous and malt liquors, etc.," in violation of the penal laws of this state, and that, in pursuance of such purposes, respondent "offers for sale and does sell, and causes and permits to be sold, bartered, or given away, intoxicating liquors, mixtures, preparations, containing more than 3.2 per cent of alcohol by weight, in violation of Title 11 of the Penal Code and Title 80 of the Revised Civil Statutes."

The petition prayed that, on final hearing, such place be adjudged a nuisance, and that it be abated as such, and that respondent be permanently enjoined from using such premises for such purposes. There was also a prayer for a temporary writ of injunction, to restrain respondent from violating the law in the respects alleged, pending the trial of this case.

The temporary writ of injunction was issued on August 11, 1934, and duly served on said date, restraining respondent, until the further order of the court, from violating the law in the respects alleged. On August 14, 1934, respondent filed an appeal bond in the lower court, and filed a transcript in this court on August 22, 1934, and the temporary writ of injunction thereby became the injunction of this court.

The petition in contempt alleged a violation of the injunction by respondent after the filing of the transcript in this court. The allegations in said petition were sufficient for this court to take cognizance of the proceedings in contempt, and due notice was served on respondent to appear before this court on October 22, 1934, at which time the charge of contempt would be heard. The hearing was had, the undisputed evidence showed several sales of whisky and other intoxicating drinks, and the judgment in contempt against respondent was entered October 23, 1934, since which time respondent has been confined in the county jail by the sheriff of Dallas county.

Respondent has filed this motion, styled a "Motion for rehearing on contempt conviction, and for other relief." There was no written opinion in the proceedings in contempt, but all of the questions raised in this motion were considered by this court and decided against the contentions of respondent.

This court has the exclusive jurisdiction of the enforcement of this injunction while the case is pending on appeal. Ex parte Travis et al. (Tex. Sup.) 73 S.W.(2d) 487.

■■ The district court had the power to grant the temporary writ of injunction ex parte. Ex parte Marcx, 112 Tex. 154, 246 S. W. 81. This temporary writ of injunction deprived respondent of no right recognized by law, but only forbade by injunction the conducting of an unlawful business, by the illegal sale of intoxicating liquors. In other words, respondent, after the granting of this injunction was just as free to operate, within the law, his beer and lunch stand as he had been before the granting of the temporary injunction. The writ granted is not a temporary restraining order, but is a temporary writ of injunction. Ex parte Olson, 111 Tex. 601, 243 S. W. 773; Griffith v. State (Tex. Civ. App.) 19 S.W.(2d) 377.

■ Respondent earnestly insists that this court could not apply the penalty for contempt in violation of the injunction, contained in article 5110, but is restricted to the terms of article 1826, R. C. S. It is true that article 1826, prescribing that Courts of Civil Appeals may punish any person for contempt of said courts, not to exceed $1,000 fine or imprisonment not exceeding twenty days, governs Courts of Civil Appeals in ordinary contempt proceedings in this court, but we do not believe such article, in the matter of punishment, was intended to supersede a general statute prescribing the punishment for contempt under special conditions described in title 80, R. C. S. Article 5110 is a part of such title and reads: "In addition to all other remedies now provided by law and provided in this Act. * * * The district or county attorney of any county, wherein any of the provisions of this Act are violated, is authorized to institute and maintain, in the district court of any such county, a suit in the name of the State to enjoin and prevent the violation of any article of this title. This remedy by an injunction given in this article shall be cumulative of and in addition to the other provisions of this Act providing penalties or creating and defining crimes and punishments, and may be maintained with or without prosecutions or penalty suits herein otherwise provided for. Any person violating the terms of any injunction issued under the provisions of this article shall be punished for contempt by fine of not less than One Hundred nor more than Five Hundred Dollars, and by imprisonment in jail for not less than thirty days, nor more than six months."

A temporary writ of injunction was issued by the trial court, in part at least, under the authority given in this statute. If respondent had not perfected an appeal to this court and the trial court was left with full power to enforce its decree of injunction, unquestionably, article 5110 would have applied, and it has been so applied by trial courts and upheld in the cases of Ex parte Olson, supra, Ex parte Green, 116 Tex. 515, 295 S. W. 910, and Ex parte Marcx, 112 Tex. 154, 246 S. W. 81.

When respondent perfected his appeal to this court this court was clothed with the same power, in respect to compelling obedience to the injunction as is given by statute to the district court to enforce such obedience. Article 5110 in mandatory language declares that "any person violating the terms of any injunction issued under the provisions of this article shall be punished for contempt by fine of not less than One Hundred nor more than Five Hundred Dollars, and by imprisonment in jail for not less than thirty days, nor more than six months." By reason of the appeal, this court is authorized to administer the penalty therein prescribed. We therefore hold that this court was not in error when it applied the penalty for violation of this injunction, authorized in said article 5110.

■ In view of the fact that it has been made to appear that respondent had sold his place of business, and of the further fact that he has disclaimed, in a written pleading, any intention to show any disrespect to this court, but believed from the advice of an attorney that the district court was not authorized to grant the injunction ex parte and that the attempt to do so was void, we have concluded to modify the former order, to the extent that, when respondent has paid a fine in the sum of $250, the cost of this proceeding, and served thirty days in jail, he will have purged himself of the charge of contempt, and the sheriff of Dallas county is directed to release respondent from custody when such fine of $250 and the cost of contempt proceedings have been paid and the term of thirty days has been served in the Dallas county jail, and it is so ordered.

Motion for rehearing and arrest of judgment is overruled; request to modify the punishment is granted, to the extent above noted.