## MALONE v. STATE.
### No. 11898.

Court of Civil Appeals of Texas. Dallas.
Nov. 24, 1934.

See, also, 76 S.W.(2d) 163.

Taylor & Irwin, Ivan Irwin, and Hughes & Monroe, all of Dallas, for appellant.

Rob't L. Hurt, Dist. Atty., and J. Hardy Neel and W. F. Clark, Asst. Dist. Attys., all of Dallas, for the State.

JONES, Chief Justice.

In a suit in a district court of Dallas county by the district attorney, instituted in the name of the state of Texas, against A. J. Malone, appellee, the state of Texas, sought the final relief to have appellant's place of business, known as "The Shamrock," located at 1334–1336 Commerce street, city of Dallas, decreed a nuisance and abated as such, and that he be permanently enjoined from operating same. There was a prayer for the issuance of a temporary injunction. On the presentation of the duly verified petition to the Honorable W. M. Taylor, judge of the Fourteenth judicial district, a temporary writ of injunction was granted, restraining appellant, "his agents, servants, employees, attorneys and associates, and each of them, from using, operating, maintaining and assisting in, or permitting the use and maintenance of the above described premises as a place where intoxicating liquors are kept, possessed, sold, bartered or given away and drunk, transported to and transported from, in violation of law, and using, operating, maintaining and assisting in or permitting the use of the above described premises as a place where persons are permitted to as-

semble together for the purpose of buying and drinking intoxicating liquors," until further order of the court. Appellant, within the statutory time of 20 days, duly perfected an appeal from this order, and filed the transcript in this court.

This suit was instituted and the temporary writ of injunction granted under the authority of articles 4664 and 4666 of title 76 in our Revised Civil Statutes, and also under the authority of articles 5107, 5108, and 5110, of title 80, R. C. S.

Appellant availed himself of the statutory privilege of appealing from the order granting a temporary writ of injunction, without first having moved to dissolve such writ, and thereby had a hearing in the district court. In adopting this course, he concedes, for the purpose of this appeal only, that the facts alleged in appellee's petition are true, i. e., that, while "The Shamrock" is operated by him ostensibly as a beer parlor and sandwich shop, in reality it is operated "for the purpose of selling, bartering, exchanging, transporting, delivering, keeping for sale, taking orders for and furnishing spirituous, vinous and malt liquors," and that, in pursuance of such purposes, he "offers for sale and does sell, and causes and permits to be sold, bartered, or given away, intoxicating liquors, mixtures, preparations containing more than 3.2 per cent. of alcohol by weight," but contends that such facts are not a sufficient basis for a temporary writ of injunction without a hearing and in the absence of a day in court.

No briefs have been filed by the respective parties to the merits of this appeal. After the appeal was perfected, appellant was cited in contempt of this court, for violating the injunction by selling whisky and other intoxicating liquors at such place, and, on the hearing accorded on the citation in contempt, both parties filed briefs and made oral arguments. It is understood that the briefs filed in the contempt proceedings may be considered as the briefs in the consideration of this appeal, and this court has considered such briefs. From appellant's brief, we understand his contention to be that he cannot be deprived by injunction from conducting his business in the manner alleged in appellee's petition, until he has been accorded a hearing on the allegations in such petition.

If the temporary writ of injunction deprived appellant from operating a legitimate business in a lawful manner, or deprived him of any legitimate property right, there would be much force in such contention. Appellant has no property right in the sale of intoxicating liquors in violation of law, or in conducting a business for such unlawful purpose. The statutes above enumerated empower the state to use the very effective means of injunction to prevent the conducting of a business for such unlawful purpose. It is true that his place of business should not be adjudged a nuisance and abated, without a full hearing in court, and he could not be permanently enjoined from operating such place of business without such hearing. Thurman v. State (Tex. Civ. App.) 67 S. W. (2d) 382; Griffith v. State (Tex. Civ. App.) 19 S.W.(2d) 377. The temporary writ of injunction does not prohibit the carrying on of any legitimate business in such place, such as a sandwich shop and the sale of 3.2 per cent. beer. He was just as free after he had been served with the temporary writ of injunction to operate such place in a lawful manner as he was before. The law said to him, when he opened up his business, known as "The Shamrock," that he could not sell or barter, or keep for sale, the intoxicating liquors appellee's petition shows he was keeping for sale and selling at the time the injunction was issued.

It was made known to the trial court, through the verified petition of the district attorney, that the law was being violated at "The Shamrock," in the particulars alleged. It was the duty of the court immediately to issue its temporary writ of injunction, as authorized by statute, to prevent the further violation of the law in the particulars alleged, pending the trial of the case on its merits. In no other way could the majesty of the law be maintained, pending the trial of the case. The Supreme Court of this state, in Ex parte Marcx, 112 Tex. 154, 246 S. W. 81, upheld the granting of an ex parte temporary writ of injunction in such a case; also in Ex parte Olson, 111 Tex. 601, 243 S. W. 773.

It necessarily follows that, in our opinion, the court did not err in granting the temporary writ of injunction ex parte, and that the judgment of the lower court should be affirmed.

Affirmed.