### KIMBROUGH v. STATE.
#### No. 2048.

Court of Civil Appeals of Texas. Eastland.

March 29, 1940.

**166**

M. E. Lawrence, of Eastland, for appellant.

Earl Conner, Jr., of Eastland, for appellee.

FUNDERBURK, Justice.

In the name of the State of Texas, the Texas Liquor Control Board, represented by the Attorney General and District Attorney, brought this suit on April 10, 1939, against G. O. Kimbrough seeking to have the defendant's dwelling house, certain out houses and a garage adjudged to constitute a nuisance under authority of Vernon's Ann.Penal Code, Art. 666—29. On the same day, in response to allegations and prayer of the petition, a temporary injunction was issued and served restraining the defendant from selling intoxicating liquors upon the premises, or doing any of the enumerated acts alleged to constitute the use of the premises a nuisance.

On August 14, 1939, the case came on for trial on the merits and all issues, including some involving a contempt proceeding, were submitted to a jury upon whose verdict rendered in response to special issues, the court gave judgment declaring the premises to be a nuisance and perpetually enjoining the defendant from selling, bartering, possessing for the purpose of sale, etc., intoxicating liquors, on and in connection with said premises. The court, finding the premises to constitute defendant's homestead, refused to include in the judgment an order to have the premises padlocked. Both parties duly excepted to the judgment and gave notice of appeal.

On August 29, 1939, in response to a motion therefor by the defendant, the court fixed the amount of a supersedeas bond at $500. On the same day the supersedeas bond was duly approved and filed, and in due time the transcript and statement of facts were filed in this court by the defendant. Although by the notice of appeal alone the State duly perfected its appeal, the case is styled in this court as above indicated, being styled and numbered according to the record filed by the defendant.

The appellee, which will be referred to as the State, has filed in this court a "Request for Permission to File Attached Motion for Contempt." The attached motion, referred to, seeks to have the appellant G. O. Kimbrough adjudged to be in contempt of this court for alleged violations of the injunction, occurring since the perfecting of the appeal.

The temporary injunction granted on April 10, 1939, contemporaneously with the filing of the suit, was, as to its nature and purpose, no different from the permanent injunction awarded by the final judgment on August 14, 1939. The only difference was that the one operated until the other should become operative by final judgment. The purpose of both alike was to prohibit a continuation of the alleged nuisance; such nuisance existing prima facie as shown by the verified pleadings, at the time the temporary injunction was ordered, and existing absolutely (subject to review upon appeal) as declared by the judgment, at the time the permanent injunction was ordered.

There is authority existing from an early day to the effect that when a court grants a temporary injunction and later upon the merits renders judgment having the effect of setting aside or dissolving such temporary injunction, and an appeal is prosecuted, with supersedeas, from such final judgment, the temporary injunction remains in effect. Williams v. Pouns, 48 Tex. 141; Gulf, C. & S. F. Ry. Co. v. Ft. Worth & N. O. Ry. Co., 68 Tex. 98, 2 S.W. 199; Riggins v. Thompson, 96 Tex. 154, 71 S.W. 14; Ford v. State, Tex. Civ.App., 209 S.W. 490.

This rule was held inapplicable to cases wherein the preliminary injunction was a temporary restraining order as distinguished from a temporary injunction. Ft. Worth St. Ry. Co. v. Rosedale Street Ry. Co., 68 Tex. 169, 4 S.W. 534; Riggins v. Thompson, supra; Ex Parte Rains, 113 Tex. 428, 257 S.W. 217; Ex Parte Zuccaro, 106 Tex. 197, 163 S.W. 579, Ann. Cas.1917B, 121; Ex Parte Olson, 111 Tex. 601, 243 S.W. 773.

In two or three decisions said rule was held applicable to cases wherein the final judgment, instead of being one having the effect of dissolving the preliminary injunction, awarded a permanent injunction. Ford v. State, Tex.Civ.App., 209 S.W. 490; Ft. Worth Fair Ass'n v. Ft. Worth Driving Club, 56 Tex.Civ.App. 167, 121 S.W. 213. The authority of the last two decisions, we think, has been, at least greatly shaken by subsequent decisions. In Ross v. Shook, 97 S.W.2d 505, 506, Chief Justice Smith, for the San Antonio Court of Civil Appeals, said of Ford v. State, supra, that it is "contrary to the great weight of authority in this state, and has never been followed in any au-thoritative case that has come to our attention." Ft. Worth Driving Club v. Ft. Worth Fair Ass'n, supra, was in principle disapproved in Haley v. Walker, Tex.Civ.App., 141 S.W. 166. The decisions in both cases, we think, are not, in principle, reconcilable with the leading cases dealing with the subject of superseding judgments under statutory provisions, of which it is deemed sufficient to cite only the following: Waters-Pierce Oil Co. v. State, 107 Tex. 1, 106 S.W. 326; Houtchens v. Mercer, 119 Tex. 431, 29 S.W.2d 1031, 69 A.L.R. 1103; Shell Pet. Co. v. Grays, 122 Tex. 491, 62 S.W.2d 113.

In the present proceeding there is no contention that the defendant (appellant here) is in contempt because of a violation of the temporary injunction. We only discover from the record that there was a temporary injunction, there being no mention of it in the motion now directly under consideration nor the attached motion which is sought to be filed. The contempt sought to be shown consists of the violation of the permanent injunction, the final judgment awarding which was, as said before, duly superseded.

But, even if it were contended that this court should entertain the contempt proceeding upon the ground that, under the authorities above mentioned, the superseding of the final judgment leaves in effect the temporary injunction, we are, nevertheless, of the opinion that we are not authorized to do so. If it be considered that there may be circumstances under which the subject matter of a temporary injunction and a permanent injunction awarded by the final judgment in the same case may properly be the same, saving only in the time of operation, still we think in such case the temporary injunction must be considered to have been merged in the permanent injunction. Otherwise, the right given by R.S.1925, Arts. 2270 and 2275, to supersede a judgment from which an appeal is prosecuted may be completely defeated. When a court, by its judgment in a trial upon the merits, decrees the same injunction previously and provisionally existing as a temporary injunction, there remains no function of the temporary injunction not equally as well performed by the permanent injunction. "The law is well settled in this state that the purpose of the issuance of a temporary injunction is to maintain the status quo in regard to the

matter in controversy, and not to determine the respective rights of the parties under the cause of action asserted or defenses urged." We quoted the above in Morgan v. Smart, Tex.Civ.App., 88 S.W.2d 769, 770, from the opinion in James v. E. Weinstein & Sons, Tex.Com.App., 12 S.W.2d 959, and there cited many subsequent decisions of courts of civil appeals following it, to which more could now be added. Another good statement of the nature and function of a temporary injunction is as follows: "An interlocutory or preliminary injunction is a provisional remedy granted before a hearing on the merits, and *its sole object is to preserve the subject in controversy in its then existing condition* and without determining any question of right, merely to prevent a further perpetration of wrong or doing of any act whereby the *right in controversy* may be materially injured or endangered until a full and deliberate investigation of the case is afforded to the party." (Italics ours.) 32 C.J. p. 20, sec. 2. A great many Texas cases are cited as supporting the text. From said two statements of the law we reached the conclusion in Morgan v. Smart, supra, that "If the 'sole object' of a preliminary (temporary or interlocutory) injunction is to 'preserve the subject in controversy' and to preserve it 'in its then existing condition' until such controversy is tried on its merits, it is apparent that such 'sole object' not only cannot be accomplished by a preliminary injunction embracing the entire subject-matter of the suit, but will be thereby defeated. Obviously, if in advance of trial and judgment, the rights and duties of the parties are controlled by, and made to conform to, the provisions of a temporary injunction issued in a suit which seeks no more than to continue, after final hearing, the same, control with the same effect, the temporary injunction will necessarily have the effect of *changing* instead of *preserving* the subject-matter of the controversy." This we further deduced was "the true reason supporting the legal proposition that 'Ordinarily, where the issuance of a preliminary injunction would have the effect of granting all the relief that could be obtained by a final decree and would practically dispose of the whole case, it will not be granted.' 32 C.J. p. 21, § 2." As supporting the preceding subquotation, in addition to the authorities there cited, we may further cite the following later Texas cases: Vireca Corp. v. Cole, Tex.Civ.App., 93 S.W.2d 567; Morgan v. Brannon, Tex.Civ.App., 95 S.W.2d 509; Sinclair Ref. Co. v. City of Paris, Tex.Civ.App., 68 S.W.2d 230.

■ There was no appeal from the temporary injunction and we have adverted to the law governing same only by way of a reason supporting our conclusion that a temporary injunction of identical nature and effect as the permanent injunction should be held not to so operate as in practical effect to defeat the right of an appealing party to supersede the judgment from which the appeal is prosecuted.

In Haley v. Walker, supra, it seems that a majority of the justices entertained the view that there was a merger of the temporary injunction with the permanent injunction, Judge Higgins indicating the opposite view. However, the ground of his concurrence likewise exists in this case, namely, "Relator's motion herein, being based wholly upon an alleged violation of the perpetual injunction granted by the final decree, from which decree respondent has appealed and filed an approved supersedeas bond, it follows that his motion [for contempt] should be overruled and denied." [141 S.W. 168.]

■ Contempt is undoubtedly one means, if not the only means, of enforcing a purely prohibitory injunction. "Where * * * a judgment requires of a party the performance of any act other than the payment of money, or delivery of real or personal property, a performance of such act may be enforced by proceedings as for contempt." 34 C.J. 739, sec. 1141. When the statutes authorizing judgments to be superseded were held to apply not alone to judgments enforceable by means of writs of execution, but also to all judgments, whether mandatory or prohibitory, including judgments awarding a prohibitory injunction, it naturally and necessarily followed that such a judgment when duly superseded relieved the appealing party from liability for contempt because of the acts enjoined.

■ The motion of the State poses a question which may adequately be stated thus: In a case wherein by final judgment a permanent injunction is awarded which is but a continuation of a pre-existing temporary injunction and upon appeal by the defendant from the final judgment a supersedeas bond is given, may the defendant

be held in contempt by the appellate court for acts prohibited only by the injunction occurring since the perfecting of the appeal? The cases relied upon by the State to support an affirmative answer to that question are Lytle v. G. H. & S. A. Ry. Co., 41 Tex.Civ.App. 112, 90 S.W. 316; Ex Parte Travis, 123 Tex. 480, 73 S.W.2d 487; State v. Malone, Tex.Civ.App., 76 S.W.2d 163; to which we may add, as at least equally applicable, Ex Parte Duncan, 127 Tex. 507, 95 S.W.2d 675; International Ladies' Garment etc. v. Dorothy Frocks Co., Tex.Civ.App., 97 S.W.2d 379.

Lytle v. G. H. & S. A. Ry. Co., supra, is like the case here, in that the appeal was from a final judgment awarding a perpetual injunction. It was unlike the present case in the very material respect that, so far as shown, there was no supersedeas of the judgment from which the appeal was perfected.

In Ex Parte Travis, supra,—an habeas corpus proceeding—it appears that pending an appeal from the trial court to the Court of Civils Appeals from an order granting a temporary injunction, contempt proceedings were instituted in the trial court resulting in an order committing agents of defendant to imprisonment. There was no question involving the authority of any court to enforce by contempt a superseded judgment.

State v. Malone, supra, differs from the instant case in two material particulars. First, there the appeal was from an interlocutory order granting a temporary injunction; here from a final judgment granting a permanent injunction. Second, there the judgment was not superseded; here it was superseded.

The case of International Ladies' Garment, etc., v. Dorothy Frocks, supra, (the strike case) is distinguishable from the instant case upon the same two grounds as in State v. Malone, supra. In the strike case the court recognized that the question was whether the trial court or the appellate court had jurisdiction of the contempt proceedings. That same question, whether discussed or not, was involved in all of the cases relied upon to support the motion herein. That is a question which after mature consideration we conclude is in no way involved in the instant case.

Ex Parte Duncan, supra, was also an habeas corpus proceeding in the Supreme Court, but in that case, as in Ex Parte Travis, supra, the defendant in the trial court had, pending an appeal, without supersedeas, from an order granting a temporary injunction, been adjudged in contempt by the court of civil appeals for violation of the injunction.

In short, this case is distinguishable from all those relied upon, in that it is sought here to enforce by a contempt proceeding a judgment which pending the appeal has been duly superseded.

Decisions, more or less in principle, supporting our disposition of the matter in issue, but not based upon the same grounds or reasoning, may be cited as follows: Antner v. State, Tex.Civ.App., 114 S.W.2d 640; Leonard v. Small, Tex. Civ.App., 28 S.W.2d 826; Yturria Town etc. v. Hidalgo Co., Tex.Civ.App., 114 S.W.2d 917; Spark v. Lasater, Tex.Civ. App., 232 S.W. 346; Boydstun v. Ft. Worth Ind. Sch. Dist., Tex.Civ.App., 33 S.W.2d 811.

It is our conclusion, therefore, that the motion should be denied, which is accordingly so ordered.