William D. ROTHKOPF, Appellant,

v.

The CITY OF HOUSTON et al., Appellees.

No. B2467.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Dec. 31, 1980.

Stanley G. Schneider, Houston, for appellant.

Edward A. Cazares, City Atty., W. Torrance Fiddes, Jr., Asst. City Atty., Houston, for appellees.

Before COULSON, MILLER and JUNELL, JJ.

MILLER, Justice.

This is an appeal by Defendant-Appellant Rothkopf (appellant) from an order of the 125th Judicial District Court of Harris County, Texas, granting a temporary injunction against appellant, prohibiting appellant and his agents, employees, assigns, successors, or any and all persons holding thereunder from maintaining, using, operating, controlling, renting, leasing, or occupying premises located at 5131 North Freeway, Houston, Harris County Texas, for the promotion of prostitution or aggravated promotion of prostitution. We affirm.

■ Appellant alleges two points of error. In his first the appellant asserts the lower court abused its discretion in granting the temporary injunction because the evidence was insufficient to support the court's findings and the relief which it granted. This point is overruled.

At the hearing on the temporary injunction the movant plead twenty cases of prostitution made against female employees of the club on eleven different dates from August, 1979 to March, 1980. Movant also

listed the names of some seventeen female employees of the Houston House of Modeling who had reputations as prostitutes based on previous arrests and/or convictions for prostitution. Live testimony and business records of the Houston Police Department were presented at the show cause hearing showing extensive prostitution at the Houston House of Modeling by its employees. In addition, eight certified copies of judgments against employees of the club were admitted into evidence, each showing a conviction for prostitution.

The evidence is clearly sufficient to support the trial court's action in granting the temporary injunction. Our review in cases of this type is limited to a review to determine whether there has been a clear abuse of discretion by the lower court. *Davis v. Huey,* 571 S.W.2d 859, 861-2 (Tex. 1978). We find no abuse of discretion.

In his other point of error appellant complains that the trial court erred in granting the temporary injunction, arguing the judgment granted appellee more relief than Tex.Rev.Civ.Stat.Ann. art. 4667(a)(2) allows. Specifically, appellant alleges that art. 4667 does not allow for the granting of an injunction against the use of the premises for the purposes of prostitution, and appellant asserts that the judgment should be reformed to exclude prostitution.

A careful examination of the trial court's judgment will show the trial court's order of April 24, 1980 does not enjoin prostitution, but only enjoins the mentioned premises from being used or operated for the promotion or aggravated promotion of prostitution. This being true, appellant's second point of error is without merit and it is therefore overruled.

Finding no error in the court below the judgment is hereby affirmed.