DEBLO, INC., et al., Appellants,

v.

The STATE of Texas, Appellee.

No. B14–83–155CV.

Court of Appeals of Texas,
Houston (14th Dist.).

June 7, 1983.

Rehearing Denied July 15, 1983.

Murray L. Lieberman, Lieberman & Tratras, Houston, for appellants.

Mike Driscoll, County Atty., Betty Purvis, Asst. County Atty., Houston, for appellee.

Before PAUL PRESSLER, ROBERTSON and CANNON, JJ.

## OPINION

CANNON, Justice.

This is an appeal from a trial court order granting a temporary injunction. The appellee acting by and through the County Attorney of Harris County, Texas, brought suit to abate and enjoin a public nuisance pursuant to Tex.Rev.Civ.Stat.Ann. arts. 4664 & 4667 (Vernon Supp.1982–1983). The court below found, in its Findings of Fact,

that appellants were maintaining a public nuisance. This order enjoined the use of the property located at 166 West Mount Houston, Harris County, Texas, by appellants from allowing and permitting the premises and building to be used or occupied by prostitutes for the purposes of prostitution, promotion of prostitution, or aggravated promotion of prostitution. It was also ordered that the said premises be closed and padlocked by the Harris County Sheriff's Office until trial on the merits unless a $5,000.00 bond was posted. Appellants base their appeal on five alleged points of error; all challenge the trial court's discretion. We find no abuse of discretion in the trial court's order, and therefore overrule all points of alleged error and affirm.

In their first and second points of error, the appellants argue that the trial court abused its discretion by entering the order of February 28, 1983 ordering that the property owned by appellants be padlocked. The applicable statute in question reads, in pertinent part, as follows:

If judgment be in favor of the State, then judgment shall be rendered abating said nuisance and enjoining the defendants from maintaining the same, and ordering that said house be closed for one year from the date of said judgment, unless the defendants in said suit, or the owner, tenant or lessee of said property make bond payable to the State at the county seat of the county where such nuisance is alleged to exist, in the penal sum of not less than one thousand nor more than five thousand dollars, with sufficient sureties to be approved by the judge trying the case, conditioned that the acts prohibited in this law shall not be done or permitted to be done in said house. Tex.Rev.Civ.Stat.Ann. art. 4666 (Vernon 1952). (Emphasis added).

Relying on Griffith v. State, 19 S.W.2d 377 (Tex.Civ.App.—Fort Worth 1929, no writ), it is the appellants' position that a padlocking of the premises under Article 4666 allowing for an order "that said house be closed for one year from the date of said judgment" is limited to judgments at a trial on the merits and not an order of a temporary nature. We do not believe that *Griffith* is applicable to the case at bar; it is distinguishable because in that case the trial court, without any notice or hearing, granted a temporary restraining order closing the premises "until further orders of the court". In reforming the trial court's judgment, the Fort Worth Court of Civil Appeals said:

We are of the opinion that the objection urged to that portion of *the judgment below authorizing the closing* of the premises until further orders of the court *constitutes error on an ex parte hearing.* Article 4666 provides that suit shall be instituted for the purpose of abating the nuisance, and *we are of the opinion that* it was contemplated by the Legislature, and so specifically provided, that *only after* such civil suit had been instituted, and *a hearing had on the merits,* after due service of citation, *that such an order was permissible....* [w]e think that *the court did not have authority to close the premises* by writ of temporary injunction "until the further orders of the court" *without a hearing on the merits.* As we construe the article of the statute above quoted, clearly it provides that if judgment be in favor of the state, evidently on final hearing, then judgment should be rendered for plaintiff abating said nuisance and enjoining the defendant from maintaining the same, and ordering that said house be closed for one year from the date of said judgment. *Id.* at 379. (Emphasis added).

Furthermore, in *Universal Amusement Co., Inc. v. Vance,* 587 F.2d 159 (5th Cir.1978), *affirmed,* 445 U.S. 308, 100 S.Ct. 1156, 63 L.Ed.2d 413 (1980), the Fifth Circuit concluded:

Thus, *the one-year abatement procedure can be applied in cases* of gambling, *prostitution,* and liquor law violations, all of which are defined as nuisances in Article 4664, but not in cases of obscenity, bullfighting, and live sex shows, which are covered only by Article 4667. *Id.* at 166. (Emphasis added).

■ It is also important to note that as an alternative to the padlocking, the judge provided for a bond and this alternative is not assailed. While the judge did not have the authority to order the place padlocked by temporary injunctive order, he did provide for an alternative and since appellants do not complain of that alternative, we fail to find error. Additionally, the injunctive order prohibits the premises use as a place of prostitution; but does not prevent appellant from using the premises for any legitimate purpose.

■ The law is well-settled in this State that the granting or refusing of a temporary injunction is within the sound discretion of the trial court, and the court's action will not be disturbed on appeal unless it clearly appears that the court has abused its discretion. *The Public Nuisance at 11456 Eastex Freeway v. The State of Texas,* No. B14–82–547–CV (Tex.App.—Houston [14th Dist.] May 12, 1983) (not yet reported); *Greater Houston Bank v. Conte,* 641 S.W.2d 407, 409 (Tex.App.—Houston [14th Dist.] 1982, no writ). The appeal of an order granting or denying a temporary injunction is an appeal from an interlocutory order, which is expressly authorized by Tex.Rev.Civ.Stat.Ann. art. 4662 (Vernon Supp.1982–1983). The merits of the underlying case are not presented for appellate review. Appellate review of an order granting or denying a temporary injunction is strictly limited to determination of whether there has been a clear abuse of discretion by the trial court in granting or denying an interlocutory order. *Rothkopf v. City of Houston,* 612 S.W.2d 77 (Tex.Civ.App.—Houston [14th Dist.] 1980, no writ); *Davis v. Huey,* 571 S.W.2d 859 (Tex.1978). Furthermore, the appellate court cannot substitute its discretion for that of the trial court. *Texas Foundries Inc. v. International Moulders & Foundry Workers' Union,* 151 Tex. 239, 248 S.W.2d 460 (1952). For these reasons, appellants' first and second points of error are overruled.

■ In the third and fourth points of alleged error, appellants contend that there is either no evidence or insufficient evidence to support the Court's number (1) finding of fact, and likewise in it's fifth point of alleged error appellants claim either there is no evidence or insufficient evidence to support the court's findings of facts numbers (2) and (3). These Findings of Fact are:

(1) The premises and building located at 166 West Mount Houston is a place to which persons resort for the purposes of prostitution.

(2) There is a threatened or contemplated use of the property located at 166 West Mount Houston, Harris County, Texas, by Defendants DEBLO, INC., EVAN LOEWENSTEIN, and DAVID COLLINS to knowingly receive money pursuant to an agreement to participate in the proceeds of prostitution and to solicit another in a public place to engage in sexual conduct with another for compensation.

(3) There is evidence to support a finding that there is an actual, threatened or contemplated use of the premises and building located at 166 West Mount Houston, Harris County, Texas, by DEBLO, INC., EVAN LOEWENSTEIN, and DAVID COLLINS, to knowingly own, invest in, finance, control, supervise or manage a prostitution enterprise that uses two or more prostitutes.

In deciding appellants' factual sufficiency attack, we must consider all of the evidence to ascertain if findings in support of the challenged portion of the judgment are so against the great weight and preponderance of the evidence as to be manifestly wrong or unjust. *Parrish v. Hunt,* 160 Tex. 378, 331 S.W.2d 304, 305 (1960); *Lifemark Corporation v. Merritt,* —— S.W.2d ——, No. B14–82–461–CV (Tex.App.—Houston [14th Dist.] June 2, 1983). The evidence sufficiently established that the premises and building in question was a house of prostitution and was frequently resorted to for just that purpose. The evidence is replete with testimony of solicitations for prostitution on these premises. In *Morgan v. State,* 596 S.W.2d 220 (Tex.Civ.App.—Houston [14th Dist.] 1980, no writ), we stat-

ed that the testimony possesses legal significance in demonstrating that the promotion of prostitution was taking place on the premises in question. The record reflects that the property was purchased by DEBLO, INC. on May 5, 1982, and the first of some eleven instances of solicitation, which occured over a period of approximately eight months, began to occur roughly a month and a half after DEBLO, INC. purchased the property. Also introduced into evidence was a deed showing the mailing address of DEBLO, INC., to be 166 West Mount Houston, Houston, Texas, and showing EVAN LOEWENSTEIN to be the president and authorized agent of DEBLO, INC. Further, no evidence was offered by either Appellant rebutting any inferences which could properly be drawn from these exhibits. In addition to the appellants introducing no evidence, LOEWENSTEIN did not even appear although he was cited. This is so, even though the case had evidently been reset at the defendant's request.

The evidence also shows that in five of the seven convictions for prostitution that were testified about, appellant's attorney was the attorney of record for the prostitute and the plea was that of guilty. The appellants also argue that the evidence heard by the court would be insufficient for conviction. This is not the issue. The issue is whether the place is used for prostitution and the evidence conclusively establishes that. Article 4667 allows the State to enjoin "[a]ny person who may use or be about to use, or who may be a party to the use of any such premises for any [prohibited] purpose mentioned in this Article...." The trial court resolved the fact issues against the appellants and, in view of all the circumstances, we believe the evidence sufficiently supports the trial court's findings against the no evidence and insufficient evidence contentions. Therefore, appellants' third, fourth, and fifth points of alleged error are without merit and are overruled.

Furthermore, the court directed the attorneys for both sides to get the hearing on the permanent injunction preferentially set and had this directive been followed, this appeal would have been unnecessary. *Mini Tape Inc. v. Fields,* 566 S.W.2d 119 (Tex.App.—Houston [14th Dist.] 1978, no writ).

No reversible error has been shown; the order is affirmed.