**THE STONE FOX, AKA Nude Girls, et al., Appellants,**

v.

**The STATE of Texas and the City of Houston, Appellees.**

**No. C14–84–045CV.**

Court of Appeals of Texas, Houston (14th Dist.).

April 12, 1984.

Michael A. Maness, Morley H. White, Murray L. Lieberman, Houston, for appellant.

Betty Purvis, Asst. County Atty., Mary Madigan Dinan, Asst. City Atty., Houston, for appellee.

Before JUNELL, MURPHY and SEARS, JJ.

### PER CURIAM.

This is an appeal from a trial court's interlocutory order granting appellees' application for a temporary injunction and ordering the subject premises padlocked for one year or until a final hearing may be held, or until defendants post a $5,000 bond pursuant to TEX.REV.CIV.STAT.ANN. art. 4666 (Vernon 1952). Appellees (The State of Texas and The City of Houston) filed suit against The Stone Fox, a business located at 9503 North Freeway, Houston, and the individual owners and operator of the business. Appellees alleged the business constituted a public nuisance in that it was a place where persons habitually went for purposes of prostitution. Following a hearing on the application for temporary injunction, the trial court entered an interlocutory order declaring said business to be a public nuisance; enjoining appellants from using the premises for purposes of prostitution in violation of TEX.REV.CIV. STAT.ANN. art. 4664 (Vernon 1952); and ordering that the Harris County Sheriff padlock the premises for one year or until a final hearing could be held (whichever comes first) or until appellants posted a $5,000 bond and agreed to abate said nuisance.

In seven points of error appellants contend that the trial court erred and abused its discretion by ordering the closing and padlocking of the premises following the temporary injunction hearing and prior to final trial on the merits. We agree and accordingly reverse and vacate that portion of the interlocutory order of the trial court.

The principal argument advanced by appellant is that the portion of the court's order requiring the premises to be closed for one year unless a $5,000 bond was posted constitutes a final determination of legal rights in a hearing that should have been limited to the granting of the temporary injunction.

The pertinent part of TEX.REV.CIV. STAT.ANN. art. 4666 (Vernon 1952) is set out below:

> Whenever the Attorney General, or the district or county attorney has reliable information that such a nuisance exists, either ... shall file suit ... to abate and enjoin the same. If *judgment* be in favor of the State, then *judgment* shall be rendered abating said nuisance and enjoining the defendants from maintaining the same, and ordering that said house be closed for one year from the date of said *judgment*, unless the defendants in said suit, or the owner, tenant or lessee of said property make bond payable to the State ... in the penal sum of not less than one thousand nor more than five thousand dollars....

(emphasis added).

We hold that the term "judgment" in the above article means a final judgment after a final trial on the merits of the case, not an interlocutory trial court order following a hearing on the application for a temporary injunction.

Appellees rely on this court's opinion in *Deblo, Inc. v. State*, 654 S.W.2d 807 (Tex. App.—Houston [14th Dist.] 1983, writ dism'd w.o.j.); we find appellees' reliance misplaced. While this court there affirmed an order padlocking the subject premises, it recognized the trial judge "did not have the authority to order the place padlocked by temporary injunctive order." *Id.* at 810. However, this court affirmed on the ground that the trial court had given Deblo, Inc. the alternative of posting a $5,000 bond and Deblo, Inc. on appeal had not complained of that alternative.

In the case at bar appellants argue not only that the padlocking order was wrong and manifestly unauthorized but also that the alternative given to avoid the padlocking, the posting of a $5000 bond, does not validate the padlocking order.

We hold that the trial court erred in entering the padlocking order before final judgment after a trial on the merits and that the order allowing appellants to reopen the premises by posting a bond and agreeing to abate the nuisance did not cure the error in the padlocking order.

In *Griffith v. State*, 19 S.W.2d 377 (Tex. Civ.App.—Fort Worth 1929, no writ), a case which involves the same statute, (Art. 4666), the court's opinion contains the following statement:

> But we think that the court did not have the authority to close the premises by writ of temporary injunction "until the further orders of the court" without a hearing on the merits. As we construe the article of the statute above quoted, clearly it provides that if judgment be in favor of the state, evidently on final hearing, then judgment should be rendered for plaintiff abating said nuisance and enjoining the defendant from maintaining the same, and ordering that said house be closed for one year from the date of said judgment.

Although *Malone v. State*, 77 S.W.2d 335 (Tex.Civ.App.—Dallas 1934, no writ) involved only the propriety of a temporary order enjoining Malone from using the subject premises as a place where intoxicating liquors were kept in violation of law, the Dallas Court of Civil Appeals, in affirming the temporary injunction, recognized that a padlocking order before final trial on the merits would be unauthorized under this same Article 4666. That court pointed out in its opinion that Malone was just as free after he had been served with the writ of temporary injunction to operate his place in a lawful manner as he was before. The vice of the padlocking order in the instant case is that is prohibits even the lawful operation of appellants' business before a trial on the merits.

Another reason the padlocking order in the instant case is invalid is that appellees were not entitled to receive full relief at a hearing for a temporary injunction because the burden of proof at that stage—"probable right" and "probable injury"—is substantially different from that at a final hearing on the merits. *Universal Amusement Company, Inc. v. King Arts Theatre, Inc.*, 587 F.2d 159, 170 (5th Cir.1978); *Houston Belt & Terminal Ry. v. Texas & N.O.R.R.*, 155 Tex. 407, 289 S.W.2d 217 (Tex.1956).

The portion of the trial court's order dated December 19, 1983, which orders that the Sheriff of Harris County place a padlock on the subject premises, said padlock to remain for one year or until a final hearing may be held, whichever came first, or until defendants (appellants) post a $5,000 bond and agree to abate said nuisance at the place and premises at 9503 North Freeway, Houston, Harris County, Texas, is reversed and vacated. The remainder of said interlocutory order granting the temporary injunction is affirmed.